IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | Civ. No. 18-00145 JMS-RT |
|---|---|
| Plaintiff, | ORDER (1) GRANTING MOTIONS TO DISMISS AMENDED COUNTERCLAIMS OF DEFENDANT ALBERT HEE, ECF NOS. 132, 134; AND (2) DENYING HEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT, ECF NO. 127 |
| vs. | |
| SANDWICH ISLES COMMUNICATIONS, INC., ET AL., | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIMS. | |

**ORDER (1) GRANTING MOTIONS TO DISMISS AMENDED COUNTERCLAIMS OF DEFENDANT ALBERT HEE, ECF NOS. 132, 134; AND (2) DENYING HEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT, ECF NO. 127**

**I. INTRODUCTION**

This Order follows from the court's July 22, 2019 Order in this case that (1) partially granted a motion for summary judgment in favor of Plaintiff United States of America ("Plaintiff" or the "United States") against Defendant Sandwich Isles Communications, Inc. ("Sandwich Isles"), (2) dismissed counterclaims asserted by Sandwich Isles against the United States, and (3) dismissed counter- or third-party claims asserted by Sandwich Isles against

1

government officials in their individual capacities.  *See* ECF No. 161, *United States v. Sandwich Isles Commc'ns, Inc.*, ___ F. Supp. 3d ___, 2019 WL 3293641 (D. Haw. July 22, 2019) (the "July 22, 2019 Order").  Here, the court addresses three motions regarding pro se co-Defendant Albert Hee's ("Hee") First Amended Counterclaim.

First, Hee seeks summary judgment on Count One ("Violation of the Fifth Amendment Takings Clause") of his counterclaim against the United States.  ECF No. 127.  Second, the United States[1] moves to dismiss all counts of Hee's counterclaim.  ECF No. 132.  And third, Pai, Hone, Gillett, and Mattey (collectively, the "Individual-Capacity Counter-Defendants"), move to strike or dismiss all counts asserted against them in their personal capacities.  ECF No. 134.

The court decides the motions without an oral hearing under Local Rule 7.2(d).  Based on the following, as well as for some of the reasons explained in the July 22, 2019 Order, the court (1) DENIES Hee's Motion for Partial

---

[1] Counterclaim-Defendant United States includes the individual counterclaim-Defendants Ajit Pai ("Pai"), Lisa Hone ("Hone"), Sharon Gillett ("Gillett"), and Carol Mattey ("Mattey") in their *official* capacities as current or former officials of the Federal Communications Commission ("FCC").  The court refers to the United States and the individuals in their official capacities collectively as the "United States."  *See, e.g.*, *Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017) ("In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself.") (citations omitted); *Solida v. McKelvey*, 820 F.3d 1090, 1095 (9th Cir. 2016) ("An action against an officer, operating in his or her official capacity as a United States agent, operates as a claim against the United States.") (citation omitted).

Summary Judgment as to Count One of Hee's counterclaim (2) GRANTS the United States' Motion to Dismiss Hee's counterclaim; and (3) GRANTS the Individual-Capacity Counter-Defendants' Motion to Dismiss Hee's claims against them in their personal capacities.

## II. DISCUSSION

The court relies on and incorporates the July 22, 2019 Order for this action's background and history, and thus the court does not set forth all the details alleged in the Complaint, and in Sandwich Isles' and Hee's counterclaims. Hee's counterclaim is similar to Sandwich Isles' counterclaim, and the motions to dismiss them involve some similar issues. Consequently, the July 22, 2019 Order's analysis (and dismissal) of Sandwich Isles' counterclaim is especially relevant in addressing the present motions. *See Sandwich Isles*, \_\_\_ F. Supp. 3d at \_\_\_, 2019 WL 3293641, at *11-20 (dismissing counterclaims for violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. ("ECOA"); the Telecommunications Act, 47 U.S.C. § 254 et seq.; and claims based on *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)).

Hee's counterclaim alleges four counts against both the United States

and the Individual-Capacity Counter-Defendants:[2]

- Count One ("Violation of the Fifth Amendment Takings Clause"), alleging that "[i]t is a physical taking when Plaintiff USA sells Sandwich Isles infrastructure to another company," and "[i]t is a regulatory taking when Plaintiff USA reduces the amount of [Universal Service Funds ("USF")] Sandwich Isles is entitled to after Sandwich Isles has incurred expenses based on the amount of [USF] Plaintiff USA previously approved." For this, it alleges that "Sandwich Isles has incurred expenses based on the amount of [USF] Plaintiff USA previously approved."

- Count Two ("Violation of the Fifth Amendment Due Process Clause and the [Equal Credit Opportunity Act]"), alleging in part that "[a]t all times, Sandwich Isles has been owned by one or more Native Hawaiians," and "[i]t is a violation of the ECOA to discriminate against Sandwich Isles in any loan transactions."

- Count Three ("Violation of Good Faith and Fair Dealings"), alleging in part that

    > [t]he loan contracts [between the United States and Sandwich Isles] become unconscionable contracts of adhesion when Plaintiff USA drafts the contract based on Sandwich Isles receiving [USF], Plaintiff USA provides sufficient [USF] for over 10 years, Plaintiff USA reduces to $0.00 the amount of [USF] Sandwich Isles receives, then forecloses on the loan

---

[2] Hee's "counterclaim" against Pai, Hone, Gillet, and Mattey in their personal capacities might more properly be termed a "third-party complaint" because these individuals are not plaintiffs asserting claims *against* Hee. However, because Hee filed a single pleading entitled "First Amended Counterclaim" that makes claims against the United States and the individuals in both their official and individual capacities, the court will refer to the pleading as his "counterclaim." *See* ECF No. 126 ¶ 204 at PageID #1702 (Hee stating that "I make these counterclaims against Plaintiff USA, Ajit Pai, Sharon Gillett, Carol Mattey and Lisa Hone in their official and personal capacities"). Whether or not the counterclaim is procedurally proper is of no consequence because, as discussed later, the court dismisses—rather than strikes—Hee's personal claims against the individuals for lack of subject-matter jurisdiction and for failure to state a claim.

> contracts and seeks to obtain any shortfall from Sandwich Isles, its former officers, directors and stockholder of its parent.
>
> • Count Four ("Defamation and Slander") alleging, in part, that "Plaintiff USA and Counterclaim defendants have defamed and slandered me by making false statements to the public that they know or should have known and have the resources to determine are false."

ECF No. 126 at PageID #1703.

Given that background, the court proceeds directly to analyzing the three motions regarding Hee's counterclaim, starting with the motions to dismiss.

## A. The United States' Motion to Dismiss

The United States argues under Federal Rule of Civil Procedure 12(b)(1) that, for several reasons, this court lacks jurisdiction over all counts of Hee's counterclaim. It makes a facial challenge to subject-matter jurisdiction. *See, e.g.*, *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.") (internal citation omitted).[3] The court agrees that it lacks jurisdiction.

---

[3] The United States also challenges the particular counts under Rule 12(b)(6) for failure to state a claim. The court, however, addresses subject-matter jurisdiction first, and addresses the 12(b)(6) arguments only as an alternative basis where a question might exist as to a lack of subject-matter jurisdiction. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998) (explaining why subject matter jurisdiction, including standing to bring a suit, is normally a "threshold question that must be resolved in [the proponent's] favor before proceeding to the

(continued . . . )

Initially, as to the Counts One, Two, and Three—the Fifth Amendment Takings claim, constitutional or ECOA violations based on race, and contractually-based bad faith violations—it is undisputed that Hee's counterclaim is alleging injury to *Sandwich Isles*, not to Hee. Count One alleges that Sandwich Isles' property has been taken and that the "*Sandwich Isles* has incurred expenses. . . ." Count Two alleges that "[i]t is a violation of the ECOA to discriminate against *Sandwich Isles* . . ." (not against Hee, who was not a party to any credit transactions with the United States). And Count Three alleges breaches of duties based on a contract between the United States and Sandwich Isles (where Hee was not a party to any of the loans at issue). ECF No. 126 at Page ID #1703 (emphases added).

Hee thus lacks standing to assert alleged violations that supposedly injured Sandwich Isles. *See, e.g.*, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (reiterating that Article III standing requires a plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.") (citation omitted). It is not enough that Hee was an officer, owner, or shareholder

---

(. . . continued)
merits."); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction[.]") (citation omitted).

of Sandwich Isles. *See, e.g.*, *EMI Ltd. v. Bennett*, 738 F.2d 994, 997 (9th Cir. 1984) ("To have standing to maintain an action, a shareholder must assert more than personal economic injury resulting from a wrong to the corporation. A shareholder must be injured directly and independently of the corporation.") (quoting *Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983)) (internal citations omitted). *See also Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771-72 (2000) ("[T]he Art[icle] III judicial power exists only to redress or otherwise to protect against injury *to the complaining party*.") (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). And a lack of Article III standing is jurisdictional. *See, e.g.*, *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (reiterating that "standing . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III") (citations omitted).

Hee responds by pointing to his right to defend against claims the United States has brought directly against him—(1) violations of the Federal Priority Statute, 31 U.S.C. § 3713, for preferential transfers while Sandwich Isles was "insolvent;" (2) violations of provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3304, for post-insolvency fraudulent transfers; and (3) beaches of fiduciary duty—and appears to argue that he has standing to challenge wrongs to Sandwich Isles because his liability is derivative of Sandwich Isles' liability. *See* ECF No. 143 at PageID #2133 ("[A]ny liability I personally

have is [dependent] on Plaintiff USA's right to foreclose. If Plaintiff USA cannot foreclose, I do not have a personal liability."); *id.* at PageID #2134 ("[N]aming me as a defendant has created a direct interest in the fate of Sandwich Isles. If Sandwich Isles prevails, the charges against me are moot.").

But merely potentially benefitting from disposition of a co-defendant's defense or cause of action does not mean Hee suffered an "injury in fact" as necessary for Article III standing to assert affirmative claims.[4] Hee is not precluded from at least attempting to raise defense arguments (nor from joining in any relief or defense that Sandwich Isles might raise); rather, he is precluded from seeking affirmative relief for himself on causes of action for which he has no standing.[5]

In any event, the court lacks jurisdiction for additional reasons. Under the Tucker Act, the United States Court of Federal Claims has exclusive

---

[4] Although not argued by the United States, Hee's argument might be based on a false premise. Even assuming the United States violated the ECOA or somehow wrongfully reduced USF payments to Sandwich Isles, it would not automatically absolve Hee of alleged statutory violations for preferential or fraudulent transfers. Sandwich Isles would likely still have been "insolvent" for purposes of the preferential transfers under 31 U.S.C. § 3717 or 28 U.S.C. § 3304. The court declines, however, to rule on this basis—the issue was not briefed and it is unnecessary to address this question here.

[5] Hee appears to recognize this point in his opposition which states that he "made the counterclaims out of an abundance of caution to insure Plaintiff USA received notice regarding my allegations," and he admits that "[a]lthough I will not benefit from all relief resulting from my counterclaims, my counterclaims are also defenses . . . ." ECF No. 143 at Page ID #2134.

jurisdiction over claims—like Counts One and Three—seeking relief for an unconstitutional taking or for a breach of contract against a federal agency (if seeking more than $10,000). *See* 28 U.S.C. § 1491(a)(1);[6] *Munns v. Kerry*, 782 F.3d 402, 413-14 (9th Cir. 2015) ("Absent an independent waiver of sovereign immunity, due process and takings claims against the federal government in excess of $10,000 . . . fall under the exclusive jurisdiction of the United States Court of Federal Claims under the Tucker Act[.]") (citation omitted); *E. Enters. v. Apfel*, 524 U.S. 498, 520 (1998) ("[A] claim for just compensation under the Takings Clause must be brought to the Court of Federal Claims in the first instance, unless

---

[6] Section 1491(a)(1) provides in pertinent part that:

> [t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Little Tucker Act provides for concurrent district court jurisdiction over:

> [a]ny ... civil action or claim against the United States, not exceeding $ 10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1346(a)(2). "Read together, these statutes provide for jurisdiction solely in the Court of Federal Claims for Tucker Act claims seeking more than $10,000 in damages, and concurrent district court jurisdiction over claims seeking $10,000 or less." *McGuire v. United States*, 550 F.3d 903, 910 (9th Cir. 2008).

Congress has withdrawn the Tucker Act grant of jurisdiction in the relevant statute."). Hee's counterclaim easily exceeds the $10,000 threshold as it seeks "no less than $50 million," ECF No. 126 at PageID #1704, and "the amount of [USF payments] Plaintiff USA previously approved," *id.* at PageID #1703.[7] Indeed, the United States points out that Sandwich Isles (not Hee) has already filed a Takings claim in a different suit now pending in the Court of Federal Claims. *See Sandwich Isles Commc'ns, Inc. v. United States*, No. 19-149C (Fed. Cl. Jan. 29, 2019).

Claims for bad faith (i.e., "violation of good faith and fair dealing") in Count Three are contract-based claims falling within this exclusive jurisdiction. *See, e.g.*, *Kenny Orthopedic, LLC v. United States*, 88 Fed. Cl. 688, 703 (2009) (rejecting the argument that the Claims Court lacks jurisdiction because bad faith is a tort, reasoning that "since Plaintiff's claim for breach of implied covenant of good faith and fair dealing directly stems from the parties' contractual agreement, it is within the [Claims] court's jurisdiction") (citation omitted); *Associated Mortg. Bankers Inc. v. Carson*, 279 F. Supp. 3d 58, 63 (D.D.C. 2017) (dismissing claim for breach of covenant of good faith and fair dealing "because the claim and the

---

[7] The exact amount of USF payments (probably in the millions) is not specifically alleged in the counterclaim, but easily exceeded $10,000. *See Sandwich Isles*, 2019 WL 3293641, at *4 (explaining that "[i]n 2005, Sandwich Isles was receiving USF high-cost support in the amount of $14,000 per 'loop' (or line) per year," where it received USF for over ten years).

requested relief are with the Tucker Act's exclusive jurisdiction") (citations omitted).

Further, the relief sought in Counts One, the non-ECOA allegations in Count Two,[8] and in Count Three necessarily depends on challenging both the FCC's 2011 Transformation Order and 2013 denial of Sandwich Isles' waiver application (discussed in the July 22, 2019 Order, *Sandwich Isles*, 2019 WL 3293641, at *4-5). And as the July 22, 2019 Order concluded, the court lacks subject-matter jurisdiction under the Hobbs Act to address challenges to decisions of the FCC. *See id.* at *16 (citing *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1113 (11th Cir. 2014), and *Pac. Bell Tel. Co. v. Cal. Pub. Utilities Comm'n*, 621 F.3d 836, 843 n.10 (9th Cir. 2010)); *id.* at *10 ("And '[w]here exclusive jurisdiction [over a challenge to an FCC order] is mandated by statute, a party cannot bypass the procedure by characterizing its position as a defense to an

---

[8] As for Hee's ECOA claim, it is undisputed that Hee individually was not an "applicant" for credit, as required to bring an ECOA claim. *See* 15 U.S.C. § 1691(a) ("It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction—(1) on the basis of race . . ."). Aside from a lack of standing, this is an independent reason to dismiss Hee's ECOA claim. *See, e.g.*, *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 707 (5th Cir. 2017) (affirming dismissal for failure to state a claim of ECOA claims where plaintiffs were not "applicants" who did not actually "request[] credit") (citation omitted).

enforcement action.'") (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 463 (8th Cir. 2000)).[9]

The court also lacks jurisdiction over Count Four's defamation and slander allegations. Hee seeks damages against the United States for statements made by FCC individuals (while in the scope of their employment).[10] But sovereign immunity has not been waived for this claim. In particular, 28 U.S.C. § 2680(h) sets forth exceptions to the Federal Tort Claims Act's waiver of sovereign immunity, and § 2680(h) specifically exempts from the FTCA's waiver "[a]ny claim arising out of . . . libel, slander, . . . or interference with contract rights." Accordingly, Hee's "defamation claim[s] against the United States [are] barred, because suits for libel or slander are prohibited under the [FTCA]." *Gardner v. United States*, 213 F.3d 735, 738 n.1 (D.C. Cir. 2000); *see also*, *e.g.*, *Roundtree v. United States*, 40 F.3d 1036, 1039 n.2 (9th Cir. 1994) (concluding that a defamation claim against the United States "is barred by the express

---

[9] To the extent any cause of action is based on constitutional violations against the United States under *Bivens*, such a claim fails as a matter of law. *See, e.g.*, *Solida*, 820 F.3d at 1094 ("There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.") (quoting *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001)).

[10] Under the Westfall Act, 28 U.S.C. § 2679, the United States substituted as the sole Counter-Defendant as to the ECOA provisions of Count Two, and Counts Three and Four, after the Attorney General's designated representative certified that the alleged wrongful acts taken by the individuals were done within the scope of their employment. *See* ECF No. 133 ("Notice of Substitution of the United States of America for Individual-Capacity [Counter-]Defendants Ajit Pai, Sharon Gillett, Carol Mattey, and Lisa Hone as to Part of Count Two and Counts Three and Fourt of Albert S.N. Hee's Amended Counterclaims.").

language of the FTCA") (citing § 2680(h). And it is axiomatic that "Section 2680(h)'s exceptions are jurisdictional in nature." *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991) (citations omitted). *See also*, *e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993) ("When a claim falls within a statutory exception to the FTCA's waiver of sovereign immunity, the court is without subject matter jurisdiction to hear the case.").

In sum, this court lacks jurisdiction over all counts of Hee's counterclaim against the United States. The United States' Motion to Dismiss Counterclaim of Albert S.N. Hee, ECF No. 132, is GRANTED. Because further amendment would be futile, the dismissal is with prejudice.

**B.    The Individual-Capacity Counter-Defendants' Motion to Strike or Dismiss, ECF No. 55**

For the same reasons that Hee lacks standing to bring Counts One, Two, and Three against the United States, Hee also lacks standing to bring such claims against the Individual-Capacity Counter-Defendants (to the extent such claims might be brought against them for acts outside the scope of their employment). As discussed when examining the United States' motion to dismiss, Hee's claims are based on injury to Sandwich Isles, and not to him. The lack of an "injury in fact" to him means he lacks Article III standing to bring claims against these individuals.

Moreover, a Fifth Amendment Takings claim cannot be brought against the Individual-Capacity Counter-Defendants in their personal capacities. As analyzed in *Bridge Aina Le'a, LLC v. Hawaii Land Use Commission*, 125 F. Supp. 3d 1051, 1078 (D. Haw. 2015), "[t]he very nature of a taking is that a public entity is taking private property for a public purpose, and must provide just compensation in return." "This concept is inconsistent with the notion that someone acting in an individual capacity has taken property or could be personally liable for a taking." *Id.* As *Bridge Aina Le'a* summarized,

> A number of federal courts, among them the Fourth and Sixth Circuits, have also concluded that individual capacity defendants are not liable for federal takings claims. *See Langdon v. Swain*, 29 Fed. Appx. 171, 172 (4th Cir. 2002) ("[T]akings actions sound against governmental entities rather than individual state employees in their individual capacities."); *Vicory v. Walton*, 730 F.2d 466, 467 (6th Cir. 1984) ("Unlike a trespass or other property tort which may be committed by either an individual under or not under color of law or by a governmental entity, a 'taking without just compensation' in violation of the fifth amendment is an act or wrong committed by a government body—a taking 'for public use.'. . . . Plaintiff may not maintain a constitutional cause of action against these defendants who neither have nor claim the eminent domain power, nor any power similar to it."); *see also Katsaros v. Serafino*, No. Civ. 300CV288PCD, 2001 WL 789322, at *5 (D. Conn. Feb. 28, 2001) ("Only governmental entities, and not individuals, can be liable for takings violations.").

*Id.* at 1079. The court agrees with such reasoning, which precludes Count One's claim for a Fifth Amendment Taking (even if it was not otherwise barred).

What's more, any of Hee's personal capacity constitutional claims against the individuals—again, to the extent they are not otherwise barred and must be brought under *Bivens*—fail for the same reasons that they failed when personal claims were brought by Sandwich Isles, as explained in the July 22, 2019 Order. *See Sandwich Isles*, 2019 WL 3293641, at *18-21 (applying *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), and concluding that Sandwich Isles' counterclaims for alleged due process and equal protection violations were not cognizable under *Bivens* against these individuals). That is, Hee's constitutional claims present a "new context" and "special factors" counsel against recognizing a *Bivens* remedy in the current context. *See Abbasi*, 137 S. Ct. at 1859-60.

Accordingly, the Individual-Capacity Counter-Defendants' Motion to Strike or, alternatively, Dismiss Albert Hee's Counterclaims against Individual-Capacity Defendants Pai, Gillett, Mattey, and Hone, ECF No. 134, is GRANTED.[11] Because further amendment would be futile, this dismissal is with prejudice.

---

[11] The court need not reach the other asserted grounds for dismissal—lack of service or personal jurisdiction—given the ample other grounds for granting the motion. *See Simpkins v. D.C. Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) (affirming dismissal of *Bivens* claims on the merits with prejudice, even though the complaint was not served on the individuals); *Milton H.*

(continued . . .)

**C.  Hee's Motion for Partial Summary Judgment**

Lastly, Hee's Motion for Partial Summary Judgment, seeking a ruling as a matter of law at a summary judgment stage that the United States and the Individual-Capacity Counter-Defendants are liable on Count One for a Fifth Amendment Taking, ECF No. 127, is DENIED as MOOT.  Because Hee's counterclaim is dismissed with prejudice, he cannot prevail on this motion.

### III.  CONCLUSION

For the foregoing reasons, the court GRANTS (1) the United States' Motion to Dismiss Counterclaim of Albert S.N. Hee, ECF No. 132, and (2) the Individual-Capacity Counter-Defendants' Motion to Strike, or alternatively,

///

///

///

///

///

---

(. . . continued)
*Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 990 n.6 (9th Cir. 2012) (citing *Wages v. I.R.S.*, 915 F.2d 1230, 1234-35 (9th Cir. 1990) (rejecting an argument that the district court erred in dismissing *Bivens* claims on the merits, despite also ruling that the court lacked personal jurisdiction for insufficient service of process)).

Dismiss Albert Hee's Counterclaim, ECF No. 134.  The court DENIES Albert Hee's Motion for Partial Summary Judgment, ECF No. 127.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 26, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Sandwich Isles Commc'ns, Inc.*, Civ. No. 18-00145 JMS-RT, Order (1) Granting Motions to Dismiss Amended Counterclaims of Defendant Albert Hee, ECF Nos. 132, 134; and (2) Denying Hee's Motion for Partial Summary Judgment, ECF No. 127