ATTACHMENT D

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SANDWICH ISLES COMMUNI-CATIONS, INC., et al., <br><br> Defendants. | Civ. No. 18-145 JMS RT |

**<u>CLERK'S NOTICE OF EXEMPTIONS AND HEARING REQUEST FORM</u>**

1. Notice is hereby provided to Sandwich Isles Communications, Inc. ("You"), pursuant to 28 U.S.C. § 3202, that Your property is being sought by the United States of America, which holds against You a February 18, 2020 court judgment ("Judgment") in this action of $138,557,635.82, for Your breach of your duty to repay loans from the United States, acting through the Administrator of the Rural Utilities Service.  *See United States v. Sandwich Isles Commc'ns, Inc.*, No. 18-145, ECF # 226 (D. Haw. Feb. 18, 2020); *United States v. Sandwich Isle Commc'ns, Inc.*, 398 F. Supp. 3d 757, 770-73 (D. Haw. 2019), *unstayed appeal pending*, No. 20-15383 (9th Cir.).

1

Exclusive of accruing post-judgment interest, the outstanding balance is:

| | |
|---|---|
| $138,557,635.82 | Judgment amount |
| ($            0) | Credits applied to judgment |
| $138,557,635.82 | Debt balance |

2. In addition, You are hereby notified that there are exemptions under the law which may protect some of this property from being taken by the United States Government *if You can show that the exemptions apply*.

3. Below is a summary of the major exemptions which apply in most situations in the State of Hawaii:

> a. An interest in one parcel of real property in the State of Hawaii, of a fair market value not exceeding $30,000, owned by the defendant who is either the *head of a family* or an *individual sixty-five years of age or older*, Haw. Rev. Stat. § 651-92(a)(1);
>
> b. An interest in one parcel of real property in the State of Hawaii, of a fair market value not exceeding $20,000, owned by the defendant who is a *person*, Haw. Rev. Stat. § 651-92(a)(2);
>
> c. The following described personal property *of an individual* up to the value set forth shall be exempt from attachment and execution as follows:

2

   i. All necessary household furnishings and appliances, books and wearing apparel, ordinarily and reasonably necessary to, and personally used by a debtor or the debtor's family residing with the debtor; and, in addition thereto, jewelry, watches, and items of personal adornment up to an aggregate cash value not exceeding $1,000;

   ii. One motor vehicle up to a value of $2,575 over and above all liens and encumbrances on the motor vehicle; provided that the value of the motor vehicle shall be measured by established wholesale used car prices customarily found in guides used by Hawaii motor vehicle dealers; or, if not listed in such guides, fair wholesale market value, with necessary adjustment for condition;

   iii. Any combination of the following: tools, implements, instruments, uniforms, furnishings, books, equipment, one commercial fishing boat and nets, one motor vehicle, and other personal property ordinarily and reasonably necessary to and personally owned and used by the debtor in the exercise of the debtor's trade, business, calling, or profession by which the debtor earns the debtor's livelihood;

    iv.  One parcel of land, not exceeding two hundred fifty square feet in size, niche or interment space owned, used, or occupied by any person, or by any person jointly with any other person or persons, in any graveyard, cemetery, or other place for the sole purpose of burying the dead, together with the railing or fencing enclosing the same, and all gravestones, tombstones, monuments, and other appropriate improvements thereon erected;

    v.  The proceeds of insurance on, and the proceeds of the sale of, the property in this section mentioned, for the period of six months from the date the proceeds are received; and

    vi.  The wages, salaries, commissions, and all other compensation for personal services due to the debtor for services rendered during the thirty-one days before the date of the proceeding.

Haw. Rev. Stat. § 651-121.  Different property may be so exempted with respect to the State in which the debtor resides.

    4.  In addition, the following property *of an individual debtor* is exempt from execution under 11 U.S.C § 522(b) and (d)(1) as made applicable by 28 U.S.C. § 3014(a)(1):

a. The debtor's aggregate interest, not to exceed $25,150 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

b. The debtor's interest, not to exceed $4,000 in value, in one motor vehicle.

c. The debtor's interest, not to exceed $625 in value in any particular item or $13,400 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

d. The debtor's aggregate interest, not to exceed $1,700 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

e. The debtor's aggregate interest in any property, not to exceed in value $1,325 plus up to $11,850 of any unused amount of the exemption provided under subparagraph 4(a) of this notice.

    f. The debtor's aggregate interest, not to exceed $2,525 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

    g. Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

    h. The debtor's aggregate interest, not to exceed in value $13,400 less any amount of property of the estate transferred in the manner specified in 11 U.S.C § 542(d), in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

    i. Professionally prescribed health aids for the debtor or a dependent of the debtor.

    j. The debtor's right to receive—

        vii. a social security benefit, unemployment compensation, or a local public assistance benefit;

        viii. a veterans' benefit;

        ix. a disability, illness, or unemployment benefit;

    x. alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

    xi. a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

1. such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;
2. such payment is on account of age or length of service; and
3. such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

k. The debtor's right to receive, or property that is traceable to-

    xii. an award under a crime victim's reparation law;

    xiii. a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably

7

        necessary for the support of the debtor and any dependent of the debtor;

    xiv. a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

    xv. a payment, not to exceed $25,150, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

    xvi. a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

  l. Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

5. Further, the following property is exempt from execution under 11 U.S.C § 522(d)(1) as made applicable by 28 U.S.C. § 3014(a)(2): any interest in property in which the debtor had, immediately before the filing of such application, an

interest as a tenant by the entirety or joint tenant, or an interest in a community estate, to the extent that such interest is exempt from process under applicable nonbankruptcy law.

6. In addition, some property qualifies as exempt under

    a. Federal Old-Age, Survivors, and Disability Insurance benefits. 42 U.S.C. § 407;

    b. Veterans' benefits. 38 U.S.C. § 5301;

    c. Annuities of retired servicemen. 10 U.S.C. § 1440;

    d. Federal civil service retirement benefits. 5 U.S.C. § 8346; 22 U.S.C. § 4060(c);

    e. Annuities to survivors of federal judicial officials. 28 U.S.C. § 376(n);

    f. Longshore and harbor workers compensation. 33 U.S.C. § 916;

    g. Black lung benefits. 30 U.S.C. §§ 931(b)(2)(F), 932(a));

    h. Master and seaman's wages. 46 U.S.C. §§ 11108-11109; and

    i. Railroad employees retirement and unemployment benefits. 45 U.S.C. §§ 231m(a), 352(e).

7. If You are Sandwich Isles Communications, Inc., You have a right to ask the court to return your property to you if you think the property the Government is taking qualifies under one of the above exemptions.

8. If You want a hearing, you must notify the court within 20 days after You receive this notice. You must make your request in writing, and either mail it or deliver it in person to the clerk of the court at 300 Ala Moana Blvd., Rm. C338, Honolulu, HI 96850. If you wish, You may use this notice to request the hearing by checking the box below and mailing this notice to the court clerk.

☐   I request a hearing concerning enforcement of the Judgment.

9. You must also send a copy of your request to the Government at United States Department of Justice, P.O. Box 875, Ben Franklin Station, Washington, DC 20044-0875, Attn. Lloyd H. Randolph, Esq., and must transmit that request by email to lloyd.randolph@usdoj.gov, so the Government will know You want a hearing. The hearing will take place within 5 days after the clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible.

10. At the hearing You may explain to the judge why you believe the property the Government has taken is exempt. If You do not request a hearing within 20 days of receiving this notice, Your property may be sold and the payment used toward the money You owe the Government.

11. If You think you live outside the Federal judicial district in which the court is located, You may request, not later than 20 days after You receive this notice, that this proceeding to take Your property be transferred by the court to the Federal

judicial district in which You reside. You must make your request in writing, and either mail it or deliver it in person to the clerk of the court at 300 Ala Moana Blvd., Rm. C338, Honolulu, HI 96850. You must also send a copy of Your request to the Government at United States Department of Justice, P.O. Box 875, Ben Franklin Station, Washington, DC 20044-0875, Attn., Lloyd H. Randolph, Esq., and also provide notice by email to lloyd.randolph@usdoj.gov, so the Government will know You want the proceeding to be transferred.

12. Be sure to keep a copy of this notice for Your own records. If You have any questions about your rights or about this procedure, You should contact a lawyer, an office of public legal assistance, or the clerk of the court. The clerk is not permitted to give legal advice, but can refer You to other sources of information.

_____
UNITED STATES DISTRICT CLERK