**KOBAYASHI SUGITA & GODA, LLP**
LEX R. SMITH            3485-0
MARIA Y. WANG        8842-0
999 Bishop Street, 26th Floor
Honolulu, Hawaii 96813
Tel:  808-535-5700
Fax:  808-535-5799
lrs@ksglaw.com; myw@ksglaw.com

Attorneys for Defendant
SANDWICH ISLES COMMUNICATIONS, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. NO. 18-145 JMS RT |
| | ) | (Other Statutory Action) |
| Plaintiff, | ) | |
| | ) | DEFENDANT SANDWICH ISLES |
| vs. | ) | COMMUNICATIONS INC.'S |
| | ) | OBJECTION TO APPLICATION |
| | ) | FOR WRIT OF EXECUTION FILED |
| SANDWICH ISLES | ) | BY PLAINTIFF UNITED STATES |
| COMMUNICATIONS, INC., et al | ) | OF AMERICA; EXHIBITS "A" and |
| | ) | "B"; APPENDIX "1"; CERTIFICATE |
| Defendants. | ) | OF SERVICE |
| | ) | |

DEFENDANT SANDWICH ISLES COMMUNICATIONS INC.'S
OBJECTION TO APPLICATION FOR WRIT OF EXECUTION FILED
BY PLAINTIFF UNITED STATES OF AMERICA

Defendant, Sandwich Isles Communications, Inc. hereby objects to the Writ

of Execution filed by the plaintiff United States in this case.  The Application is

invalid as it does not comply with Hawaii law with respect to enforcement of

judgments.

1.   **THE WRIT UNLAWFULLY ASSERTS OWNERSHIP OVER REAL PROPERTY THE UNITED STATES HAS NO INTEREST IN**

The writ directs the Marshal to:

> **"to use reasonable force, if necessary, to enter the real property at 77-808 Kamehameha Highway, Mililani, HI 76789, to levy this writ by posting it on said property in the name of Sandwich Isles."**

This is completely improper, because the Mililani real estate has already been sold to Paniolo Cable Company LLC.   Plaintiff has no judgment lien against that property and the Court has no basis to send the Marshal into it using force to do anything.

Attached hereto as Exhibit "A" is a true copy of the Order of the United States Bankrukptcy Court confirming that the property at 77-808 Kamehameha Highway has already been sold and **expressly extinguishing any junior liens against the property, including the judgment recorded by plaintiff which was junior to the $256 million judgment lien that was** executed.   The Bankruptcy Court's order expressly says:

> **6. Defendant and all persons claiming any interest in the Property, by or through the Defendant's interest in the Property, are <u>forever barred and foreclosed of and from all right, title and interest</u>, and claims at law or in equity in and to the Property and every part thereof, and to the proceeds therefrom arising up to the date of closing.**

**7. <u>Any and all other encumbrances affecting the Property,</u> or any part thereof (except for any holders of liens or security interests that are senior in priority to the judgment lien of Plaintiff) <u>are perpetually barred of and from any and all right, title and interest, and claims at law or in equity, in the Property or any part thereof.</u> Any liens or security interests that are junior to the judgment lien of Plaintiff shall be extinguished by the Execution Sale.**

Exhibit "A."

Thus, the plaintiff has no lien or other claim that would authorize the Court

to order the Marshal to "use force" to take the property.

## THE LIEN THE PLAINTIFF IS SEEKING TO EXECUTE IS JUNIOR TO A $256 MILLION JUDGMENT LIEN IN FAVOR OF MICHAEL KATZENSTEIN, CHAPTER 11 TRUSTEE FOR PANIOLO CABLE COMPANY LLC

Paniolo Cable Company LLC has a $256 million judgment against

Sandwich Isles Communications Inc. ("SIC").  That judgment was recorded before

the judgment which is the subject of this writ of execution.  Section 663-3, Hawaii

Revised Statutes provides:

> **Any money judgment, order, or decree of a state court or the United States District Court for the District of Hawaii <u>shall be a lien upon real property when a copy thereof, certified as correct by a clerk of the court where it is entered, is recorded in the bureau of conveyances</u>**

The Paniolo judgment (Exhibit "B") is a $256 million lien against SIC's

assets, and it is senior in priority to the lien which the instant writ seeks to enforce.

3

Thus, the holder of that prior judgment has the right to "credit bid" up to $256 million for the assets plaintiff is seeking to have sold.   The writ expressly says it applies to "buildings functioning as cable landing stations, central offices or a network operations center" "easements, rights of way, and other real property interests, licenses and other rights."   These are all real property interests which Hawaii law, Section 666-3, clearly makes Paniolo's judgment lien superior the plaintiff's.

It is not a coincidence that the plaintiff has attempted to identify these assets by attaching real property maps to its application.  Any and all such assets are interests in real property, subject to Paniolo's $256 million judgment lien. Plaintiff's lien is junior and inferior in priority to that lien.

## THE WRIT IS FAULTY BECAUSE THE PLAINTIFF HAS NOT PROPERLY IDENTIFIED THE PROPERTY THAT IS TO BE EXECUTED UPON

Fed. R. Civ. P. 69(a) covers this proceeding:

> The procedure on execution—and in proceedings supplementary7 to and in aid of judgment or execution—**must accord with the procedure of the state where the court is located**, but a federal statute governs to the extent it applies

Levy is a specific process by which the Sheriff (Marshal, in this case) by which the judgment creditor must specifically identify what property is being levied upon, because the Sheriff is statutorily mandated to:

> **"tak[e] the property levied upon into the officer's possession, care, and guardianship."**

Haw. Rev. Stat. Section 651-42.  It is up to the Marshal's judgment whether to physically remove the levied upon property and store it someplace else:

> **"at the officer's option, by removal of the same to some place of security."**

Id.

Moreover, Hawaii law clearly mandates that the property levied upon be specifically itemized and identified by the Marshal:

> **The officer shall make an inventory of the property levied upon.**

Id.

The inventory is a critical part of the process, because the Marshal is supposed to advertise an auction of the specific assets that the Marshal has levied upon.  The law (Haw Rev Stat. 651-43) requires that the Marshal advertise the sale of the property levied upon:

> **The officer shall, after levy, advertise for sale the property levied upon, whether real or personal, for thirty days, or for such time as the court shall order …**

Id.

Obviously, in order to advertise the property levied upon for sale, the advertisement has to identify the specific property levied upon so potential buyers would know what is being sold.

Contrast these requirements with the loose, general "quitclaim" type language plaintiff asks for in the current writ.  Plaintiff seeks:

**a) the relationships that Sandwich Isles has with its customers and suppliers, and the telecommunications network;**

How does the Sheriff levy on a relationship?!  This is an impossible description to have any meaningful levy or execution.  Unless somebody specifically identifies what is being levied upon and sold, the statute is not being followed.

**b) equipment titled in the name of Sandwich Isles and not previously transferred to Michael Katzenstein, as chapter 11 trustee of Paniolo Cable Company, LLC, as a result of an execution sale on March 6, 2020 …**

This literally attempts to identify the assets that are levied and executed upon by saying what they are not!!

How is the Sheriff (or Marshal) to know what assets have already been sold to Mr. Katzenstein and which have not?  How is the Marshal supposed to know what to execute on and what has already been sold?  "Everything you've got except what's already been sold at a prior execution sale by a different creditor" is not a proper description.   This "description" does not identify anything to be levied upon and it does not identify anything to be sold at a Marshal's sale.   There is no such thing as a "quitclaim" execution sale.

As has already been demonstrated above, the plaintiff has wrongly already specifically sought to execute on the real property in Mililani, which (as Exhibit "A" attached hereto clearly demonstrates) has already been sold to Mr. Katzenstein and the plaintiff no longer has any lien against.   This type of complete uncertainty of **what** is actually being sold renders the execution process meaningless.

> **c) all other supporting assets related to those things described in subsections (a) and (b), such as easements, rights of way, and other real property interests, licenses and other rights, vehicles, trailers and tools.**

The ambiguity of what, if anything, is being levied upon and sold is, again, apparent.   Levy and execution cannot take place when nobody knows what specific property is being levied upon and what is being sold.

Obviously, many of these assets (buildings, easements, rights of way etc.) are interests in real estate which are subject to the first priority lien in favor of Paniolo.   Some have already been sold to Paniolo at a previous execution sale. Thus, based on the plaintiff's vague attempt at a writ, no one can know what is being sold.  The law is not being followed in issuance of the subject writ.

## THE ASSETS OF SANDWICH ISLES COMMUNICATIONS ARE SUBJECT TO PRIOR LIENS

The assets of Sandwich Isles Communications are subject to a $256 million judgment lien in favor of Paniolo Cable Company LLC., a copy of which is attached hereto as Exhibit "A."  Paniolo's judgment was entered and recorded prior to plaintiff's and accordingly constitutes a lien on all of SIC's real property assets,

which (as plaintiff admits in the language quoted above) include the easements, rights of way, and other real estate interests that allow all of SIC's assets on Hawaiian Home Lands.

**THE HAWAII REVISED STATUTES RELATING TO WRITS OF EXECUTION DO NOT AUTHORIZE THE MARSHAL TO "HOLD IN ABEYANCE UNTIL FURTHER ORDER FROM THIS COURT" THE JUDGMENT DEBTOR'S ASSETS.  NOR DO THEY AUTHORIZE THE MARSHAL TO ENTER CONTRACTS WITH THIRD PARTIES**

The plaintiff's Application for Writ of Execution says the plaintiff does not even intend for the Marshal to conduct an execution sale until sometime well into the future.   What is the basis for this?   The law clearly mandates that the Sheriff (in this case, the Marshal) take an inventory of the property levied upon and hold an auction.  There is no other alternative and the purpose sought by the government is clearly unlawful.

## CONCLUSION

For the foregoing reasons, the Writ of Execution is baseless and should be quashed.

DATED: Honolulu, Hawaii May 5, 2020.

/s/ Lex R. Smith_____
LEX R. SMITH
MARIA Y. WANG
Attorneys for Defendant
SANDWICH ISLES COMMUNICATIONS, INC

**Date Signed:**
**March 16, 2020**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>PANIOLO CABLE COMPANY, LLC,<br><br>       Debtor. | Case No. 18-01319 (RJF)<br>(Chapter 11) |
| MICHAEL KATZENSTEIN, as<br>CHAPTER 11 TRUSTEE,<br><br>       Plaintiff,<br><br>v.<br><br>SANDWICH ISLES<br>COMMUNICATIONS, INC.,<br><br>       Defendant. | Adversary No. 19-90022<br><br>ORDER GRANTING PLAINTIFF<br>MICHAEL KATZENSTEIN, AS<br>CHAPTER 11 TRUSTEE'S MOTION FOR<br>CONFIRMATION OF EXECUTION SALE<br><br><br><u>Hearing</u>:<br>Date: March 13, 2020<br>Time: 11:00 a.m.<br>Judge: Hon. Robert J. Faris |

**ORDER GRANTING PLAINTIFF MICHAEL KATZENSTEIN, AS
CHAPTER 11 TRUSTEE'S MOTION FOR
<u>CONFIRMATION OF EXECUTION SALE</u>**

Exhibit "A"

7948526.1

The Court considered Plaintiff Michael Katzenstein, as Chapter 11 Trustee's ("Plaintiff" or the "Trustee") *Motion for Confirmation of Execution Sale* [Dkt. no. 57] (the "Motion") pursuant to the Order Shortening Notice [Dkt. no. 61], at 11:00 a.m. on March 13, 2020.  Johnathan C. Bolton appeared for Plaintiff.  Lex R. Smith appeared for Defendant SANDWICH ISLES COMMUNICATIONS, INC. ("Defendant").  Toby L. Gerber appeared for Interested Party DEUTSCHE BANK TRUST COMPANY AMERICAS, as Agent for the Noteholders.

The Court, after finding that due and adequate notice of the Motion having been given, and that no other or further notice being needed under the circumstances, after consideration of the Motion, the Memorandum in Support of the Motion, the Declaration of William Jessup, the Declaration of Counsel, and the exhibits attached thereto, finds and determines that:

A.      The execution sale by public auction (the "Execution Sale") conducted at 12:00 p.m. on March 6, 2020, by the United States Marshal for the District of Hawaiʻi (the "Marshal"), wherein (i) the real property of Defendant located at 77-808 Kamehameha Highway, Mililani, Hawaii 96789, TMK No. (1)-9-5-2-3, being all of the land described in Transfer Certificate of Title No. 600,112 (the "Real Property"), was sold to Plaintiff as the highest bidder for the sum of two million dollars ($2,000,000.00) via credit bid, and (ii) certain personal property assets of Defendant (the "A.2. Assets" and together with the Real Property, the

"Property") was sold to Plaintiff as the highest bidder for the sum of five hundred thousand dollars ($500,000.00) via credit bid, was properly conducted in accordance with the Orders of this Court and applicable law;

        B.     The purchase price to be paid by Plaintiff for the Property is fair and equitable, constitutes fair consideration, and is the highest price that could be obtained for the Property under the circumstances;

        C.     The Marshal's fees and costs in the total amount of $50,613.75 are reasonable and should be allowed.

        D.     The fees and costs of the substitute custodian, All Civil Process, Inc., in the amount of $10,143.00 are reasonable and should be allowed.

It is THEREFORE ORDERED, ADJUDGED and DECREED that:

        1.     The Motion is APPROVED in all respects.

        2.     The Execution Sale by the Marshal is hereby ratified, approved and confirmed.

        3.     The Marshal is ordered and directed to make good and sufficient conveyance of the Property to Plaintiff by way of a quitclaim deed, quitclaim bill of sale (certificate of purchase or such other document or deed) in a form acceptable to Plaintiff.

        4.     The Clerk of Court shall issue a Writ of Possession with respect to the Property in favor of Plaintiff upon request.

-3-

5.      Plaintiff shall pay the Marshal's fees and costs in the total amount of $50,613.75, and the fees and costs of the substitute custodian, All Civil Process, Inc., in the amount of $10,143.00, at the closing of the sale of the Property.

6.      Defendant and all persons claiming any interest in the Property, by or through the Defendant's interest in the Property, are forever barred and foreclosed of and from all right, title and interest, and claims at law or in equity in and to the Property and every part thereof, and to the proceeds therefrom arising up to the date of closing.

7.      Any and all other encumbrances affecting the Property, or any part thereof (except for any holders of liens or security interests that are senior in priority to the judgment lien of Plaintiff) are perpetually barred of and from any and all right, title and interest, and claims at law or in equity, in the Property or any part thereof.  Any liens or security interests that are junior to the judgment lien of Plaintiff shall be extinguished by the Execution Sale.

8.      This Court maintains jurisdiction for of the purposes of interpretation, implementation and enforcement of this Order.

**END OF ORDER**

6435833.3

Prepared by:

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHNATHAN C. BOLTON
CHRISTOPHER P. ST. SURE
First Hawaiian Center
999 Bishop Street, Suite 1600
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Plaintiff
MICHAEL KATZENSTEIN,
as Chapter 11 Trustee

6435833.3

H9022a (12/15)

| Information to identify the case: | | |
|---|---|---|
| Debtor(s) | **Paniolo Cable Company, LLC** | **United States Bankruptcy Court** <br> **District of Hawaii** |
| Parties | Michael Katzenstein, | |
| | Plaintiff(s) | |
| | v. | |
| | Sandwich Isles Communications, Inc., | Bankruptcy Case number:  **18–01319** <br> Chapter:  **11** |
| | Defendant(s) | Adversary Proceeding No:  **19–90022** |

# NOTICE OF ENTRY OF ORDER OR JUDGMENT

NOTICE IS GIVEN THAT:

The court entered the following order or judgment on the date below,

**Order Granting Motion for Confirmation of Execution Sale(Related Doc # 57) Date of Entry: 3/16/2020. (LL)**

The order or judgment may be viewed at the Clerk's Office. It may also be viewed online using PACER, the federal judiciary's electronic records system. Information about obtaining and using a PACER account is available at the court website, www.hib.uscourts.gov.

Date:  March 16, 2020                                        Michael B. Dowling
                                                                        Clerk
Clerk's Office:
1132 Bishop Street, Suite 250
Honolulu, Hawaii 96813
(808) 522–8100
www.hib.uscourts.gov



**STATE OF HAWAII**
**BUREAU OF CONVEYANCES**
**RECORDED**
January 02, 2020 3:29 PM
Doc No(s) A – 73060675



/s/ LESLIE T. KOBATA
REGISTRAR

1      1/1      OFC
B – 33443342

LAND COURT SYSTEM | REGULAR SYSTEM

Return by Mail  (   )  Pickup  (XX)       To:

Goodsill Anderson Quinn & Stifel
A Limited Liability Law Partnership LLP
Johnathan C. Bolton, Esq.
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600

Total Pages:   3

## JUDGMENT

| | |
|---|---|
| **Adversary No.** | **19-90022** |
| **Judgment Creditor:** | **MICHAEL KATZENSTEIN, as Chapter 11 Trustee of the bankruptcy estate of Paniolo Cable Company, LLC** |
| **Judgment Debtor:** | **SANDWICH ISLES COMMUNICATIONS, INC.** |

| **Judgment Debtor** | **Tax ID No.** |
|---|---|
| **Sandwich Isles Communications, Inc.** | **Unknown** |

Exhibit "B"

**Date Signed:**
**December 17, 2019**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>PANIOLO CABLE COMPANY, LLC,<br><br>Debtor. | Case No. 18-01319 (RJF)<br>(Chapter 11) |
| MICHAEL KATZENSTEIN, as<br>CHAPTER 11 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br>SANDWICH ISLES<br>COMMUNICATIONS, INC.,<br>Defendant. | Adversary No. 19-90022<br><br>JUDGMENT |

## **JUDGMENT**

The United States Bankruptcy Court for the District of Hawaii has ordered

that Plaintiff MICHAEL KATZENSTEIN, as Chapter 11 Trustee of the

bankruptcy estate of Paniolo Cable Company, LLC, recover from Defendant

SANDWICH ISLES COMMUNICATIONS, INC. the amount $256,552,854.00, as

of September 30, 2019, plus pre- and post-judgment interest as provided by law,

and attorney's fees and costs as may be allowed.

The action was decided by the Court on Summary Judgment on December 13, 2019.

 END OF JUDGMENT

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>SANDWICH ISLES COMMUNI-<br><br>CATIONS, INC., et al.,<br><br>           Defendants. | Civ. No. 18-145 JMS RT |

## <u>CLERK'S NOTICE OF EXEMPTIONS AND HEARING REQUEST FORM</u>

    1.  Notice is hereby provided to Sandwich Isles Communications, Inc. ("You"),

pursuant to 28 U.S.C. § 3202, that Your property is being sought by the United

States of America, which holds against You a February 18, 2020 court judgment

("Judgment") in this action of $138,557,635.82, for Your breach of your duty to

repay loans from the United States, acting through the Administrator of the Rural

Utilities Service.  *See United States v. Sandwich Isles Commc'ns, Inc.*, No. 18-145,

ECF # 226 (D. Haw. Feb. 18, 2020); *United States v. Sandwich Isle Commc'ns,*

*Inc.*, 398 F. Supp. 3d 757, 770-73 (D. Haw. 2019), *unstayed appeal pending*, No.

20-15383 (9th Cir.).

Appendix "1"

Exclusive of accruing post-judgment interest, the outstanding balance is:

$138,557,635.82          Judgment amount
($                    0)          Credits applied to judgment
$138,557,635.82          Debt balance

   2.  In addition, You are hereby notified that there are exemptions under the law which may protect some of this property from being taken by the United States Government *if You can show that the exemptions apply*.

   3.  Below is a summary of the major exemptions which apply in most situations in the State of Hawaii:

     a.  An interest in one parcel of real property in the State of Hawaii, of a fair market value not exceeding $30,000, owned by the defendant who is either the *head of a family* or an *individual sixty-five years of age or older*, Haw. Rev. Stat. § 651-92(a)(1);

     b.  An interest in one parcel of real property in the State of Hawaii, of a fair market value not exceeding $20,000, owned by the defendant who is a *person*, Haw. Rev. Stat. § 651-92(a)(2);

     c.  The following described personal property *of an individual* up to the value set forth shall be exempt from attachment and execution as follows:

    i.    All necessary household furnishings and appliances, books and wearing apparel, ordinarily and reasonably necessary to, and personally used by a debtor or the debtor's family residing with the debtor; and, in addition thereto, jewelry, watches, and items of personal adornment up to an aggregate cash value not exceeding $1,000;

   ii.    One motor vehicle up to a value of $2,575 over and above all liens and encumbrances on the motor vehicle; provided that the value of the motor vehicle shall be measured by established wholesale used car prices customarily found in guides used by Hawaii motor vehicle dealers; or, if not listed in such guides, fair wholesale market value, with necessary adjustment for condition;

  iii.    Any combination of the following: tools, implements, instruments, uniforms, furnishings, books, equipment, one commercial fishing boat and nets, one motor vehicle, and other personal property ordinarily and reasonably necessary to and personally owned and used by the debtor in the exercise of the debtor's trade, business, calling, or profession by which the debtor earns the debtor's livelihood;

3

iv. One parcel of land, not exceeding two hundred fifty square feet in size, niche or interment space owned, used, or occupied by any person, or by any person jointly with any other person or persons, in any graveyard, cemetery, or other place for the sole purpose of burying the dead, together with the railing or fencing enclosing the same, and all gravestones, tombstones, monuments, and other appropriate improvements thereon erected;

v. The proceeds of insurance on, and the proceeds of the sale of, the property in this section mentioned, for the period of six months from the date the proceeds are received; and

vi. The wages, salaries, commissions, and all other compensation for personal services due to the debtor for services rendered during the thirty-one days before the date of the proceeding.

Haw. Rev. Stat. § 651-121.  Different property may be so exempted with respect to the State in which the debtor resides.

4.  In addition, the following property *of an individual debtor* is exempt from execution under 11 U.S.C § 522(b) and (d)(1) as made applicable by 28 U.S.C. § 3014(a)(1):

a.  The debtor's aggregate interest, not to exceed $25,150 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

b.  The debtor's interest, not to exceed $4,000 in value, in one motor vehicle.

c.  The debtor's interest, not to exceed $625 in value in any particular item or $13,400 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

d.  The debtor's aggregate interest, not to exceed $1,700 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

e.  The debtor's aggregate interest in any property, not to exceed in value $1,325 plus up to $11,850 of any unused amount of the exemption provided under subparagraph 4(a) of this notice.

f.  The debtor's aggregate interest, not to exceed $2,525 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

g.  Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

h.  The debtor's aggregate interest, not to exceed in value $13,400 less any amount of property of the estate transferred in the manner specified in 11 U.S.C § 542(d), in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

i.  Professionally prescribed health aids for the debtor or a dependent of the debtor.

j.  The debtor's right to receive—

    vii.  a social security benefit, unemployment compensation, or a local public assistance benefit;

   viii.  a veterans' benefit;

    ix.  a disability, illness, or unemployment benefit;

x. alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

xi. a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

1. such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

2. such payment is on account of age or length of service; and

3. such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

k. The debtor's right to receive, or property that is traceable to-

xii. an award under a crime victim's reparation law;

xiii. a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably

7

necessary for the support of the debtor and any dependent of the debtor;

xiv.  a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

xv.  a payment, not to exceed $25,150, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

xvi.  a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

l.  Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

5.  Further, the following property is exempt from execution under 11 U.S.C § 522(d)(1) as made applicable by 28 U.S.C. § 3014(a)(2): any interest in property in which the debtor had, immediately before the filing of such application, an

8

interest as a tenant by the entirety or joint tenant, or an interest in a community estate, to the extent that such interest is exempt from process under applicable nonbankruptcy law.

6.  In addition, some property qualifies as exempt under

    a.  Federal Old-Age, Survivors, and Disability Insurance benefits. 42 U.S.C. § 407;

    b.  Veterans' benefits. 38 U.S.C. § 5301;

    c.  Annuities of retired servicemen. 10 U.S.C. § 1440;

    d.  Federal civil service retirement benefits. 5 U.S.C. § 8346; 22 U.S.C. § 4060(c);

    e.  Annuities to survivors of federal judicial officials. 28 U.S.C. § 376(n);

    f.  Longshore and harbor workers compensation. 33 U.S.C. § 916;

    g.  Black lung benefits. 30 U.S.C. §§ 931(b)(2)(F), 932(a));

    h.  Master and seaman's wages. 46 U.S.C. §§ 11108-11109; and

    i.  Railroad employees retirement and unemployment benefits. 45 U.S.C. §§ 231m(a), 352(e).

7.  If You are Sandwich Isles Communications, Inc., You have a right to ask the court to return your property to you if you think the property the Government is taking qualifies under one of the above exemptions.

8.  If You want a hearing, you must notify the court within 20 days after You receive this notice. You must make your request in writing, and mail it to the clerk of the court at 300 Ala Moana Blvd., Rm. C338, Honolulu, HI 96850. If you wish, You may use this notice to request the hearing by checking the box below and mailing this notice to the court clerk.

 I request a hearing concerning enforcement of the Judgment.

9.  You must also send a copy of your request to the Government at United States Department of Justice, P.O. Box 875, Ben Franklin Station, Washington, DC 20044-0875, Attn. Lloyd H. Randolph, Esq., and must transmit that request by email to lloyd.randolph@usdoj.gov, so the Government will know You want a hearing. The hearing will take place within 5 days after the clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible.

10.  At the hearing You may explain to the judge why you believe the property the Government has taken is exempt. If You do not request a hearing within 20 days of receiving this notice, Your property may be sold and the payment used toward the money You owe the Government.

11.  If You think you live outside the Federal judicial district in which the court is located, You may request, not later than 20 days after You receive this notice, that this proceeding to take Your property be transferred by the court to the Federal

10

judicial district in which You reside. You must make your request in writing, and mail it to the clerk of the court at 300 Ala Moana Blvd., Rm. C338, Honolulu, HI 96850. You must also send a copy of Your request to the Government at United States Department of Justice, P.O. Box 875, Ben Franklin Station, Washington, DC 20044-0875, Attn., Lloyd H. Randolph, Esq., and also provide notice by email to lloyd.randolph@usdoj.gov, so the Government will know You want the proceeding to be transferred.

12. Be sure to keep a copy of this notice for Your own records. If You have any questions about your rights or about this procedure, You should contact a lawyer, an office of public legal assistance, or the clerk of the court. The clerk is not permitted to give legal advice, but can refer You to other sources of information.



/s/ Lian Abernathy, Clerk by: J.O., Deputy Clerk
UNITED STATES DISTRICT CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. NO. 18-145 JMS RT |
| | ) | (Other Statutory Action) |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| vs. | ) | |
| | ) | |
| | ) | |
| SANDWICH ISLES | ) | |
| COMMUNICATIONS, INC., et al | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this date, a true and correct copy of the foregoing document was duly served on the following identified parties, by the methods indicated below:

LLOYD H. RANDOLPH          CM/ECF: lloyd.randolph@usdoj.gov
SHANE HUANG               CM/ECF: Shane.Huang@usdoj.gov
RACHEL S. MORIYAMA        CM/ECF: rachel.moriyama@usdoj.gov
SERAJUL F. ALI            CM/ECF: serajul.ali@usdoj.gov
Attorneys for Plaintiff
United States of America


CONNOR HACKERT            CM/ECF: Connor.Hackert@usdoj.gov
Attorney for the Individual
 Third-Party Defendants
Ajit Pai, Sharon Gillette, Carol Mattey, Lisa Hone, and Christopher A.
McLean, and Kenneth Johnson in their individual capacities

CHUCK C. CHOI                 CM/ECF: cchoi@hibklaw.com
Attorney for Defendants
ClearCom, Inc.; Ho'opa'a Insurance Corp; Pa Makani LLC;
Paniolo Cable Company, LLC; and Waimana Enterprises, Inc.


WILLIAM C. McCORRISTON       CM/ECF: wmccorriston@m4law.com
KELSEY Y. YAMAGUCHI          CM/ECF: yamaguchi@m4law.com
Attorneys for Janeen-Ann Olds


ALBERT S.N. HEE              VIA FIRST CLASS MAIL
1155 Akipola Street         POSTAGE PREPAID
Kailua, HI 96734
*Pro Se* Defendant


DATED: Honolulu, Hawaii May 5, 2020.


                    */s/ Lex R. Smith*
                    LEX R. SMITH
                    MARIA Y. WANG
                    Attorneys for Defendant
                    SANDWICH ISLES
                    COMMUNICATIONS, INC.