IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>    vs.<br><br>SANDWICH ISLES<br>COMMUNICATIONS, INC., ET AL.,<br><br>                  Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIMS<br>AND THIRD-PARTY CLAIMS.<br>_____ | Civ. No. 18-00145 JMS-RT<br><br>ORDER OVERRULING<br>OBJECTION TO WRIT OF<br>EXECUTION, ECF NO. 265 |

## ORDER OVERRULING OBJECTION TO WRIT OF EXECUTION, ECF NO. 265

## I. INTRODUCTION

On February 18, 2020, the court entered an amended judgment under Federal Rule of Civil Procedure 54(b) in favor of Plaintiff United States of America ("Plaintiff" or "United States") against Defendant Sandwich Isles Communications, Inc. ("Sandwich Isles") in the amount of $138,557,635.82.  ECF No. 226; *see also United States v. Sandwich Isles Commc'ns, Inc.*, 2020 WL 544692, at *6-8 (D. Haw. Feb. 3, 2020) (granting Plaintiff's motion for entry of final judgment on Count I of the complaint).  Although Sandwich Isles has

appealed that judgment, it has neither sought nor obtained a stay of the judgment. *See* ECF No. 230.

As part of Plaintiff's efforts to collect from Sandwich Isles, on May 1, 2020, the clerk of court issued Plaintiff a Writ of Execution, ECF No. 260 ("the Writ") on the judgment pursuant to "28 U.S.C. §§ 2001, 2002, 2004, 3002, 3202, and 3203 of the Federal Debt Collection Procedures Act."  ECF No. 255 at PageID #3846.  On May 7, 2020, the U.S. Marshal served the Writ on Sandwich Isles by posting it at the headquarters of Sandwich Isles and by personal service on Wendy Hee.  *See* ECF No. 266.  Sandwich Isles objected and requested a hearing, thereby seeking to quash the Writ.  *See* ECF Nos. 263, 265.  The court held a hearing on June 19, 2020.  Based on the following, the Objection is OVERRULED; there is no basis to quash the Writ.

## II.  DISCUSSION

The United States is enforcing a money judgment by a writ of execution.  In this regard, Federal Rule of Civil Procedure 69 provides in pertinent part that:

> [a] money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, *but a federal statute governs to the extent it applies.*

2

Fed. R. Civ. P. 69(a)(1) (emphasis added).[1]  The Writ, by its terms, purports to lien or levy certain property of Sandwich Isles as described in Plaintiff's application for the Writ and in the Writ itself.[2]  In particular, the application and the Writ describe the levied property as follows:

> This property (from herein "the Property") includes:
>
> a) the relationships that Sandwich Isles has with its customers and suppliers, and the telecommunications network;
>
> b) equipment titled in the name of Sandwich Isles and not previously transferred to Michael Katzenstein, as chapter 11 trustee of Paniolo Cable Company, LLC, as a result of an execution sale on March 6, 2020,[3] including: buildings

---

[1] In its Objection, Sandwich Isles argues that the United States failed to comply with several provisions of Hawaii law regarding enforcement of judgments, arguing that Rule 69(a)(1) requires procedures on execution to "accord with the procedure of the state where the court is located."  *See* ECF No. 263 at PageID #4075, 4078-82 (orig. emphasis omitted).  Sandwich Isles, however, ignores the statutory language in Rule 69(a)(1) which provides that "a federal statute governs" if applicable.  Here, the Federal Debt Collection Procedures Act ("FDCPA") applies because the United States is collecting a judgment.  *See, e.g.*, *United States v. Gianelli*, 543 F.3d 1178, 1182 (9th Cir. 2008) (holding that the FDCPA "is such a statute" for purposes of Rule 69(a)(1)).  The court applies federal law, not Hawaii law.

[2] The Writ commands the U.S. Marshal,

> under 28 U.S.C. §§ 3203(c)(2)(B)(ii)-(iii), to levy on property in which Sandwich Isles has a substantial nonexempt interest (not to exceed property reasonably equivalent in value to the aggregate amount of the judgment and costs) by entering the real property at 77-808 Kamehameha Highway, Mililani, HI 76789, and posting this writ upon that real property in an open and obvious manner that is not conspicuous.

ECF No. 260 at PageID #4056-57.

[3] *See Katzenstein v. Sandwich Isles Commc'ns, Inc. et al.*, Adversary No. 19-90022 (Bankr. D. Haw. Mar. 13, 2020) (ECF No. 65, Order Granting Motion for Confirmation of Execution Sale of March 6, 2020).

functioning as cable landing stations, central offices or a network operations center; other infrastructure facilities, including conduits, manholes, handholes, and towers; and equipment, including copper and fiber optic and telecommunication cables, copper and fiber optic transmission, multiplexing, circuit switching, circuit transport equipment, IP routing and switching equipment, test equipment, power systems, cooling systems, security systems, network management systems, cross connects and cross connect panels, including of the types, and at the locations more completely described in Attachment A; and

c) all other supporting assets related to those things described in subsections (a) and (b), such as easements, rights of way, and other real property interests, licenses and other rights, vehicles, trailers and tools.

ECF No. 260 at PageID # 4057-58 (Writ at 2-3) (internal footnote omitted); ECF No. 255 at PageID #3847-48. In turn "Attachment A" includes 18 parts, describing property as set forth at ECF Nos. 255-1 to 255-18.[4] The Writ was

---

[4] In its briefing, the United States generally indicated that it intends to proceed to obtain an "appropriate order of sale to sell the Property" under 28 U.S.C. § 3202(e), which provides:

(e) Sale of property.—The property of a judgment debtor which is subject to sale to satisfy the judgment may be sold by judicial sale, pursuant to sections 2001, 2002, and 2004 or by execution sale pursuant to section 3203(g). If a hearing is requested pursuant to subsection (d), property with respect to which the request relates shall not be sold before such hearing.

See ECF No. 255 at PageID #3849. The sale could include private sales under 28 U.S.C. §§ 2001(a), (b), & 2004. Id. at PageID #3849-50. And at the June 19, 2020 hearing, the United States specifically represented that it will be seeking to sell the identified property by judicial sale under §§ 2001, 2002, and 2004 (rather than by execution sale under § 3203(g)).

accompanied by a "Clerk's Notice of Exemptions and Hearing Request Form," ECF No. 261 ("Clerk's Notice"), as required by 28 U.S.C. § 3202(b).[5]

On May 5, 2020, Sandwich Isles filed an Objection to the Application for Writ of Execution. ECF No. 263. The court directed the United States to file a response to the Objection. ECF No. 264. Sandwich Isles also requested a hearing by indicating as such in a form included with the Clerk's Notice. *See* ECF No. 265. The United States filed its Response on May 15, 2020, ECF No. 267, and Sandwich Isles filed a Reply the same day, ECF No. 268. The court set a hearing on the Objection for June 19, 2020, and allowed Sandwich Isles to file a supplemental memorandum by May 29, 2020 if Sandwich Isles was intending to raise any exemptions from collection as explained in the Clerk's Notice. ECF No. 269. Sandwich Isles did not file such a supplemental memorandum.

The June 19, 2020 hearing was held under 28 U.S.C. § 3202(d), which provides in pertinent part:

> (d) Hearing.—By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, *the judgment debtor may move to quash the order granting such remedy*. The court that issued such order shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within 5 days after receiving

---

[5] Section 3202(b) provides, in pertinent part: "Notice.—On the commencement by the United States of an action or proceeding under this subchapter to obtain a remedy, the counsel for the United States shall prepare, and clerk of the court shall issue, a notice in substantially the following form:[.]" The statute then sets forth a form of notice that identifies exemptions that a debtor can seek, and requires service and an opportunity to request a hearing. *Id.*

the request or as soon thereafter as possible.  *The issues at such hearing shall be limited—*

>    (1) to the probable validity of any claim of exemption by the judgment debtor;

>    *(2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted*; and

>    (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—

>    >    (A) the probable validity of the claim for the debt which is merged in the judgment; and

>    >    (B) the existence of good cause for setting aside such judgment.

*Id.* (emphases added).

    As emphasized, only § 3202(d)(2) is at issue because Sandwich Isles did not invoke any exemptions under § 3202(d)(1) and a default judgment was not entered under § 3202(d)(3).[6]  Thus, the June 19, 2020 hearing was limited to addressing whether the United States failed to comply with "any statutory requirement for the issuance" of the Writ as necessary to quash the Writ.

    And the United States complied with applicable statutory requirements for issuance of the Writ.  Sandwich Isles contends that the Writ

---

[6] "[A] section 3202(d) hearing is not an opportunity for a debtor to challenge the validity of his restitution obligation or his ability to pay it."  *United States v. Cooper*, 318 F. Supp. 3d 1278, 1283 (N.D. Ala. 2018) (citations omitted).

attempts to execute on real property that has already been sold to Paniolo's bankruptcy trustee (Katzenstein), but the property description clearly excludes any such property.  ECF No. 260 at PageID #4057.  The Writ sufficiently describes the property it is levying for purposes of § 3202(b).  *Id.* at PageID #4057-58.[7]  "The FDCPA is broadly drawn to subject to levy '[a]ll property in which the judgment debtor has a substantial nonexempt interest.'"  *United States v. W. Indies Transp. Co.*, 57 F. Supp. 2d 198, 205 (D.V.I. 1999) (quoting 28 U.S.C. § 3203(a)).  The United States explains that the purpose of posting the Writ at Sandwich Isles' headquarters was not specifically to *attach* that property, but—because the building is (or was) Sandwich Isles' "last known address"—to "merely provide[] notice to Sandwich Isles of the United States' intention to execute on such property as Sandwich Isles retains."  ECF No. 267 at PageID #4132-33; *see* 28 U.S.C. § 3102(d)(2) ("In performing the levy, the United States marshal may enter any property owned, *occupied, or controlled* by the debtor[.]") (emphasis added).

---

[7] The property described in the Writ fits within 28 U.S.C. § 3002(12), which defines "property" for purposes of the FDCPA as follows:

> "Property" includes any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts)), but excludes—
>> (A) property held in trust by the United States for the benefit of an Indian tribe or individual Indian; and
>> (B) Indian lands subject to restrictions against alienation imposed by the United States.

Further, the United States also fully complied with the notice requirements in

§ 3202(b) by replicating the statutory provision with applicable exemptions.  ECF

No. 267  at PageID #4137.

Nevertheless, Sandwich Isles argues that the Writ fails to comply with

28 U.S.C. § 3102(d)(4)'s requirement for a notice to describe "with sufficient

detail . . . the property levied upon."  ECF No. 268 at PageID #4143.  In this

regard, § 3102(d)(4) provides in part:

> Levy on personal property is made by taking possession of it.
> Levy on personal property not easily taken into possession or
> which cannot be taken into possession without great
> inconvenience or expense may be made by affixing a copy of
> the writ and notice of levy on it or in a conspicuous place in the
> vicinity of it *describing in the notice of levy the property by
> quantity and with sufficient detail to identify the property levied
> on.*

(Emphasis added).

Initially, in response, the United States explained at the June 19, 2020

hearing that—because it does not intend to proceed with an execution sale under

28 U.S.C. § 3202(g), but rather by a judicial sale under 28 U.S.C. §§ 2001, 2002 &

2004—it need not actually strictly comply with § 3102(d)(4).  Regardless, the Writ

does in fact describe the property levied upon in sufficient detail.  The meaning of

"sufficient" here is contextual.  *Cf.* "Sufficient," *Merriam-Webster Dictionary*,

www.merriam-webster.com/dictionary/sufficient (defining "sufficient" in part as

"enough to meet the needs of a situation") (last visited June 29, 2020);

"Sufficient," *Cambridge Dictionary*, www.dictionary.cambridge.org/us/ dictionary/english/sufficient (defining "sufficient" as "enough for a particular purpose") (last visited June 29, 2020).  It was not necessary to post the Writ on every piece of property owned by Sandwich Isles (that was not already "previously transferred to Michael Katzenstein, as chapter 11 trustee of Paniolo Cable Company, LLC," ECF No. 260 at PageID #4057).[8]  In the context of this particular case, the notice of levy adequately (i.e., "sufficiently") identified the property at issue.  In this regard, the court agrees with the Plaintiff as stated in its Application for the Writ that "[g]iven the unique nature of the Property, only a limited number of sophisticated buyers likely would be willing to purchase and use the Property, so techniques typically used to sell personal property or real property would not be feasible, commercially reasonable, or appropriate."  ECF No. 255 at PageID #3849.

       Finally, because the United States intends to proceed, under § 3202(e), with a judicial sale (not an execution sale), the court recognizes that—if necessary—Sandwich Isles may have an opportunity to raise concerns at a

---

[8] Similarly, the court also rejects Sandwich Isles' Objection to the extent it claims that notification was defective as having been *posted* incorrectly (i.e., only on Sandwich Isles' headquarters or last known address, and not on all property described in Exhibit "A" at ECF Nos. 255-1 to 255-18).

confirmation proceeding if there are legitimate questions about what exact property is being sold.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, the court OVERRULES Sandwich Isles' Objection to Writ of Execution, ECF No. 265.  There is no basis to quash the Writ.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 29, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Sandwich Isles Commc'ns, Inc.*, Civ. No. 18-00145 JMS-RT, Order Overruling Objection to Writ of Execution, ECF No. 265