IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIV. NO. 18-00145 JMS-RT |
| Plaintiff, | |
| vs. | ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION FOR ORDER COMPELLING ADDITIONAL DOCUMENT PRODUCTION BY SANDWICH ISLES |
| SANDWICH ISLES COMMUNICATIONS, INC., ET AL., | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIMS | |

**ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION FOR ORDER COMPELLING ADDITIONAL DOCUMENT PRODUCTION BY SANDWICH ISLES**

Plaintiff United States of America's ("Plaintiff") Motion and Supporting Memorandum for Order Compelling Additional Document Production by Sandwich Isles ("Motion" or "Motion to Compel") (ECF No. 362), filed on May 24, 2022, came on for a telephonic hearing on June 17, 2022 before the Honorable Rom A. Trader. Attorneys Shane Huang, Miniard Culpepper and Zachary Balasko appeared on behalf of Plaintiff United States of America. Attorney Lex Smith

appeared on behalf of Defendant Sandwich Isles Communications, Inc.

("Defendant").

After careful consideration of the Motion, opposition, reply, exhibits,

declarations, oral arguments, records in this case and appliable law, the Court

**GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Compel.

## BACKGROUND

The district court entered an Order (1) Granting Motion to Dismiss First

Amended Counterclaim of Sandwich Isles Communications, Inc., ECF No. 176;

and (2) Granting Motion for Entry of Final Judgment on Count One of the

Complaint, ECF No. 179 ("Order"), filed on February 3, 2020.  ECF No. 221.  The

Order, among other things, directed the entry of a Rule 54(b) judgment against

Defendant as to Count One of the Complaint for breach of contract.  On February

3, 2020, the Clerk of Court entered partial final judgment in favor of Plaintiff

against Defendant on Count One of the Complaint pursuant to the Order.   ECF

No. 222.  Plaintiff filed a declaration on February 6, 2020, establishing the exact

amount of the partial judgment.  ECF No. 223.  The district court issued an Order

Amending Judgment, which entered a partial judgment in favor of Plaintiff in the

amount specified in the declaration (ECF No. 223), $138,557,635.82, on February

18, 2020.  ECF No. 225.

Plaintiff served post-judgment discovery requests on Defendant for a site inspection request on February 7, 2020, and Plaintiff's Second Document Requests to Sandwich Isles ("Second RPOD") on February 20, 2020.  ECF No. 362 at PageID #: 5440; ECF No. 362-2;  and ECF No. 362-3.  Plaintiff alleges that on March 25, 2020, at Defendant's request, Plaintiff's counsel served another copy of the Second RPOD as Defendant claimed having not received any discovery request.  Id. at 5440-5441.  Plaintiff alleges that Defendant failed to negotiate, in good faith, regarding the site inspection or provide any meaningful responses to Plaintiff's post-judgment discovery requests.  Id.  Despite over two years having passed since Plaintiff served Defendant with its post-judgment discovery requests, Defendant has yet to serve objections, provide responsive documents or permit inspections of its facilities and equipment.

On May 24, 2022, Plaintiff filed the instant Motion to Compel.  ECF No. 362.  Defendant filed its Memorandum in Opposition to Plaintiff's Motion ("Opposition") on June 6, 2022.  ECF No. 367.  On June 13, 2022, Plaintiff filed its Reply in Support of Its Motion to Compel.  ECF No. 368.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure ("FRCP") authorize post-judgment discovery.  FRCP Rule 69 reads in pertinent part:

> (2) *Obtaining Discovery.*  In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of

record **may obtain discovery from any person--including the judgment debtor--as provided in these rules** or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a)(2) (emphasis added).

"The rules governing discovery in post[-]judgment execution proceedings are quite permissive." See Republic of Argentina v. NML Capital, Ltd., 573 U.S. 134, 138 (2014). The plain language of Rule 69(a)(2) makes clear that the scope of post-judgment discovery is intended to be broad as the judgment creditor may seek post-judgment discovery from not just the judgment debtor, but from "any person[.]" Fed. R. Civ. P. 69(a)(2). Moreover, the judgment creditor is given the choice of seeking post-judgment discovery though either the FRCP or the rules governing discovery practice in the forum state. Id.; Republic of Argentina, 573 U.S. at 138-139 (citing 12 C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 3014, p. 160 (2d ed. 1997) (the court "may use the discovery devices provided in [the federal rules] or may obtain discovery in the manner provided by the practice of the state in which the district court is held")). "Even though Rule 69 discovery may resemble the proverbial fishing expedition, a judgment creditor is entitled to fish for assets of the judgment debtor." See Eve Nevada, LLC v. Riley, Civ. No. 20-00475 DKW-KJM; 2022 WL 1441222 at *2 (D. Haw. Jan. 24, 2022) (citations omitted). "In applying these rules, district courts have broad

discretion to control the timing, sequence, and methods of discovery." Id. (citing

Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)) (citation omitted).

In this case, consistent with FRCP 69(a)(2), Plaintiff, as judgment creditor,

elected to pursue its post-judgment discovery via FRCP's discovery provisions,

i.e., Rules 26 through 37.  Plaintiff's request for a site inspection and Second

RPOD, and Defendant's responses and objections to Plaintiff's discovery requests

are governed by the FRCP.   Fed. R. Civ. P. 34(a)(1)(A), 34(a)(2) and 34(b)(2).

FRCP Rule 26(b)(1) defines the scope of permissible discovery and provides

that "[p]arties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense and proportional to the needs of the

case[.]"  FRCP 26(b)(1) outlines six factors the Court should consider in

addressing proportionality:

1. the importance of the issues at stake in the action,
2. the amount in controversy,
3. the parties' relative access to relevant information,
4. the parties' resources,
5. the importance of the discovery in resolving the issues, and
6. whether the burden or expense of the proposed discovery outweighs
   its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Relevance "has been construed broadly to encompass any

matter that bears on, or that reasonably could lead to other matter that could bear

on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders,

437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)).

"District courts have broad discretion in determining relevancy for discovery purposes." Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).  However, relevance has its "ultimate and necessary boundaries." Oppenheimer Fund, Inc., 437 U.S. at 351.  Relevance is "no[t] . . . sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case" as required by FRCP 26(b)(1). Centeno v. City of Fresno, Case No. 1:16-cv-00653-DAD-SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

Defendant's responses and objections to Plaintiff's discovery requests are governed by Rule 34.  Fed. R. Civ. P. 34(a)(1)(A), 34(a)(2) & 34(b)(2).  In particular, Rule 34 states that, "[f]or each item or category, the response must state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  As to document production requests, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."  Fed. R. Civ. P. 34(b)(2)(C).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

"A party seeking discovery may move for an order compelling . . . production . . . if . . . (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."  FRCP 37(a)(3)(B)(iv).  "The moving party carries the burden of informing the court of (1) which discovery requests are the subject of his motion to compel, (2) which of the defendants' responses are disputed, (3) why the responses are deficient, (4) the reasons defendants' objections are without merit, and (5) the relevance of the requested information to the prosecution of his action."  Kim v. Crocs, Inc., Civ. No. 16-00460 JMS-KJM, 2017 WL 10379587, at *3 (D. Haw. Nov. 28, 2017) (citing Hupp v. San Diego Cty., Civ. No. 12cv0492 GPC (RBB), 2014 WL 1404510, at *2 (S.D. Cal. Apr. 10, 2014)) (internal quotations omitted).

## **DISCUSSION**

Plaintiff in this case requests (1) the production of documents requested in its Second RPOD ("RPOD Nos. 24 and 25"), (2) the Court's determination that Defendant is not entitled to a protective order, and (3) a site inspection of the Defendant's physical property and facilities.

Plaintiff alleges that the Defendant failed to provide adequate documents in response to RPOD No. 24 and failed to provide any documents in response to RPOD No. 25.  ECF No. 362 at PageID #: 5444.   RPOD Nos. 24 and 25 read as follows:

24.   Each Document regarding the **financial condition of Sandwich Isles** as of any date on or after April 1, 2018, including any balance sheet, income statement, profit and loss account, statement of change of financial position, note or other statement or explanatory material identified as being part of a financial statement (whether or not audited), and any other document bearing on the value of any Sandwich Isles asset, including any bank and brokerage statement or offer to acquire any Sandwich Isle asset (or any related communication).

25.   Each Document (including any map or engineering diagram), whenever created or modified, that describes some or all of the **telecommunications network as actually constructed** by or on behalf of Sandwich Isles, including (a) all buildings currently functioning as cable landing stations, central offices or a network operations center; (b) other infrastructure facilities, including conduits, manholes, handholes, and towers; (c) equipment, including fiber optic and telecommunication cables, fiber optic transmission, multiplexing, circuit switching, circuit transport equipment, IP routing and switching equipment, test equipment, power systems, cooling systems, security systems, network management systems, cross connects and cross connect panels; and (d) related supporting assets, such as easements, rights of way, and other real property interests, licenses and other rights, vehicles, trailers and tools.

Id. at 5448 & 5450 (emphasis added).

   With respect to RPOD No. 24, Plaintiff contends that the only documents provided by Defendant were three documents labeled "Sandwich Isles 2021 DRAFT Balance Sheet," "Sandwich Isles 2021 DRAFT Cash Flow," and "Sandwich Isles 2021 DRAFT Income Statement." Id. at 5448. Each of the three documents are labeled with the disclaimer "DRAFT" and "contains only summarized year-end totals with no indication of how the specific amounts were

calculated." Id.   Defendant has not produced bank statements or information

about its accounts, specific assets, liabilities or sources of revenue. Id.   Moreover,

Defendant has not produced any other documents and has not responded with any

objections, much less timely or specific objections, to doing so. Id. at 5449.

Plaintiff does acknowledge that Defendant, separate from the instant discovery

requests, has previously filed periodic operating reports which include some

income statement and balance sheet information with the Rural Utilities Service

("RUS"). Id. at 5449-5450.  These reports, however, are unaudited and do not

include the level of specificity required to assess Defendant's operations. Id. at

5448-5449.  Plaintiff contends that the financial information sought is relevant to

Plaintiff's ability to value, market and sell Defendant's property in partial

satisfaction of its judgment. Id.

     With respect to RPOD No. 25, Plaintiff contends that Defendant has not

produced any documents. Id. at 5450.  Instead of providing documents detailing

the "telecommunications network as actually constructed," Defendant simply

replied that any technical information regarding the network was already provided

to the RUS years ago and that Plaintiff should be in possession. Id. at 5450-5451.

At best, Plaintiff acknowledges that RUS has in its possession records relating to

Defendant's planned construction at the time the loans were approved, but has no

knowledge relating to which of those decades-old records accurately reflect the

current state of the network. Id. at 5441.  The originally submitted plans also predate the construction of the Paniolo Network, which is currently used by Defendant.  Id.

Similar to RPOD No. 24, Defendant has not timely objected to RPOD No. 25, which seeks technical documents and information about the telecommunications network "as constructed." either.  Plaintiff argues that by Defendant's failure to timely respond with specific objections to the instant post-judgment discovery requests, Defendant has waived its objections.  Id. at 5451-5452.

Plaintiff alleges that the technical network information sought is relevant to Plaintiff's ability to transition ownership and operational control of Defendant's network to a prospective purchaser after an execution sale.  Id. at 5452.  Without the information requested, Plaintiff is unable to inform the new purchaser whether any equipment has been upgraded, replaced, or decommissioned and whether modifications were made.  Id.  Any prospective purchaser, prior to bidding on Defendant's assets, would need to know the technical details of the assets and physical locations of the property.  Id. at 5452.  Plaintiff argues that Defendant's refusal to provide technical information responsive to request number 25 effectively chills any bidding, which hinders the sale of and artificially devalues Defendant's assets.  Id.

Plaintiff also seeks the Court's determination that Defendant is not entitled to a protective order.  Plaintiff argues that Defendant has waived any objections to Plaintiff's post-judgment discovery requests and as an insolvent judgment debtor, Defendant has no remaining right as to how Plaintiff handles or uses Defendant's trade secrets or other business sensitive information.  Plaintiff further argues that Defendant failed to make any particular showing of harm that would justify a protective order.  Id. at 5452-5454.

As to the request for a site inspection of Defendant's facilities and equipment, despite good faith attempts to discuss arrangements, no agreement was reached with Defendant.  Id. at 5455.  Plaintiff contends that while Defendant stated that it would make its facilities available for inspection to Plaintiff's personnel, it would do so only if escorted by Defendant's former employee William Lum ("Mr. Lum"), who requested a fee of $5,000 per day plus certain other expenses.  Id. at 5441.  Plaintiff alleges that Defendant claims that Mr. Lum is the only person capable of escorting Plaintiff's personnel on a physical inspection.  Having been unable to reach an agreement regarding payment of Mr. Lum's fee, Plaintiff argues that Defendant, as the responding party, should bear the entire expense of complying with Plaintiff's request for a site inspection.  Id.

Defendant argues that the discovery cut-off expired a year ago and that Plaintiff inappropriately seeks discovery under the guise of post-judgment

11

discovery.  ECF No. 367 at PageID #: 5534.  Defendant further claims that it already provided the documents Plaintiff requests.  Id. at 5534-5535. Defendant argues that Plaintiff has the technical information it needs as evidenced by the documents attached to Plaintiff's Application for Writ of Execution (ECF No. 255).  Id. at 5535.  Defendant argues that the expense of finding and producing documents it previously produced is unduly burdensome when the information is available to Plaintiff to retrieve at Plaintiff's own expense.  Id.  Defendant further alleges that Plaintiff intends to use the information it receives for an improper purpose to harm the Defendant by publishing confidential information to Defendant's competitors.  Id. at 5537.

    In response, Plaintiff argues in its Reply that Defendant conceded to Plaintiff's entitlement to the requested discovery and that Plaintiff does not intend to use the requested discovery for improper purposes.  ECF No. 368 at PageID #: 5548.  Plaintiff states that it has been transparent about its intention to coordinate with entities such as the Department of Hawaiian Home Lands ("DHHL") as property owner and licensor, and the Federal Communications Commission ("FCC") and Hawaii Public Utilities Commission ("PUC") as regulators.  Id. Plaintiff explains that because Defendant's assets are heavily regulated and subject to licensing conditions, Plaintiff must coordinate with these governmental and regulatory entities to ensure that any transition follows the applicable regulations

or licensing conditions, and does not infringe upon other parties' property rights. Id. Plaintiff also claims Defendant failed to identify any legal basis for keeping its documents confidential. Plaintiff claims that it does not have adequate information and that the documents dating back to 2015 which are attached to its Application for Writ of Execution are insufficient to satisfy Defendant's obligation to provide post-judgment discovery as requested. Id. at 5554.

The Court evaluates this post-judgment discovery dispute within the context of an unsatisfied judgment held by Plaintiff against Defendant, and for which Plaintiff seeks information to aid in the execution on said judgment. During the hearing on the instant *Motion*, Defendant admitted that it did not make any formal, written objections to Plaintiff's discovery requests. However, Defendant argues that the discovery Plaintiff requests were previously produced, are unduly burdensome to produce, and/or are requested for an improper purpose. Id. at 5534-5535. The Court does not find Defendant's reasons for now objecting to Plaintiff's discovery requests to be persuasive.

### 1. RPOD Nos. 24 and 25

RPOD No. 24 seeks Defendant's financial documents and documents regarding the value of Defendant's assets. This information is relevant to Plaintiff's ability to value, market and sell Defendant's property and is thus discoverable to the extent that the information is in Defendant's possession and

control.  The Court finds that under the six factors in FRCP 26(b)(1), the discovery

Plaintiff seeks is proportional to the needs of the case.  The information Plaintiff

seeks is highly important to Plaintiff's ability to market Defendant's assets in order

to collect on its judgment.  The amount of money Plaintiff is entitled to collect –

approximately $138 million – is a significant amount of money.  Defendant is in

the best position to provide the information Plaintiff seeks.  Other than the three

"draft" documents produced in response to RPOD No. 24, Defendant has failed to

provide any other financial documents.  Defendant instead asserts that Plaintiff is

already in possession of the documents it seeks by virtue of operational reports

previously provided by Defendant to the RUS outside the scope of this litigation.

These reports, records and documents, however, in the Court's view, fall woefully

short of the type of specificity required for a meaningful evaluation of Defendant's

assets, property and operations by Plaintiff in aid of execution of the judgment.

Unaudited financial documents consisting of summarized year-end totals are

insufficient and effectively prevent Plaintiff, as judgment creditor, from being able

to make informed decisions concerning satisfaction of its judgment.  Accordingly,

Plaintiff is entitled to the financial documents sought in RPOD No. 24.

RPOD No. 25 seeks technical documents regarding Defendant's

telecommunications network, which includes buildings, infrastructure, equipment

and related supporting assets, including real property interests and licenses.  After

considering the six factors under FRCP 26(b)(1), the Court finds that this discovery is relevant and proportional to the needs of the case and thus, within the scope of permissible post-judgment discovery.  Defendant has completely failed to provide any technical documents concerning the network "as constructed." Instead, similar to its position concerning RPOD No. 24, Defendant again simply relies on its claim that Plaintiff already has the documents sought in RPOD No. 25, since 20 to 25 years ago Defendant provided the RUS with technical plans and documents relating to the proposed telecommunications network in support of its loan application.  These documents, however, in the Court's view, again fall well-short of the type of specificity required for a meaningful evaluation of Defendant's telecommunications assets, operations and network by Plaintiff.  Simply pointing to decades-old technical documents which do not reflect the current state of Defendant's telecommunications assets and network is not only deficient, but borders on bad-faith as it is clearly impossible to correlate one with the other.

The Court finds that the technical network documents requested are relevant to Plaintiff's ability to transition ownership and operational control to a prospective purchaser.  The information is also relevant to the valuation of, and ultimately, Plaintiff's ability to sell Defendant's property to satisfy Plaintiff's judgment. Further, Defendant is in the best position to provide the information Plaintiff seeks. Without the requested discovery, Plaintiff's ability to enforce its judgment is

compromised and may cause potential disruption of service to existing customers. In addition, any potential purchaser will need to conduct their own due diligence review to verify and assess Defendant's assets before seriously considering whether to acquire Defendant's property.  Accordingly, Plaintiff is entitled to documents concerning the telecommunications network as constructed as requested in RPOD No. 25.

The Court, having determined Plaintiff is entitled to Defendant's financial and technical documents, now turns to the concerns Defendant raises about Plaintiff's contemplated use of these requested documents and information contained therein.  ECF No. 367 at PageID #:  5536-5537.   Defendant claims Plaintiff intends to use the discovery obtained for improper purposes such as publishing Defendant's information in a newspaper or otherwise disclosing Defendant's confidential information to competitors.  Id.  Plaintiff denies these allegations. ECF No. 368 at PageID #: 5549-5550 (footnote 1).   However, Plaintiff does acknowledge that it intends to share information with regulatory authorities, such as DHHL, FCC and PUC.  Id. at PageID #:  5549-5551.  Plaintiff argues that the purpose of sharing information with these regulatory authorities is to comply with applicable state and federal regulations and to respect the property rights and mission of DHHL.  Id.  Accordingly, the Court specifically permits Plaintiff, as authorized or mandated by law, to share documents and information produced by

16

Defendant with regulatory agencies, but only to the extent necessary for approval, sale or transfer of Defendant's assets and/or operational control.

To the extent that Defendant claims that responsive documents to RPOD Nos. 24 and 25 have been previously produced, Defendant must specifically identify the documents and when, where, how and the format the documents were produced so that the Plaintiffs can readily identify these documents.  To the extent Defendant claims it has no responsive documents to RPOD Nos. 24 and/or 25, then Defendant shall notify Plaintiff and provide a sworn statement attesting to this. The Court sets a **deadline of July 15, 2022** for the production of discovery responsive to RPOD Nos. 24 and 25 or another date as agreed by the parties and approved by the Court.

## 2.   Protective Order

The parties have been unable to reach agreement concerning to the terms of a proposed protective order concerning the sought-after post-judgment discovery. Plaintiff alleges that Defendant seeks an "inappropriate blanket confidentiality designation" whereby all documents produced are deemed confidential.  ECF No. 362 at PageID #: 5444.  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (A) forbidding the disclosure or discovery; . . . (B) specifying terms, including time and place or the allocation of expenses, for the

disclosure or discovery; . . . [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed. Civ. P. 26(c)(1)(A), (B), and (D). "To establish 'good cause,' a party seeking a protective order for discovery materials must 'present a factual showing of a particular and specific need for the protective order.'" Sigwart v. U.S. Bank National Assn., Civ. No. 13-00529 LEK-RLP, 2019 WL 2714496, at *2 (D. Haw. 2019) (citing Welsh v. City and Cnty. Of S.F., 887 F. Supp. 1293, 1297 (N.D. Cal. 1995)). "'Under the liberal discovery principles of the Federal Rules,' a party seeking a protective order 'carr[ies] a heavy burden of showing why discovery [should be] denied.'" Sigwart, 2019 WL 2714496. at *2 (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

The Court finds Defendant has failed to establish good cause justifying the entry of a protective order as to the discovery ordered. Defendant has made no arguments as to a particular or specific need for a protective order concerning any specific document. Instead, Defendant only advances vague and unsubstantiated concerns that it believes Plaintiff may intend to publish Defendant's confidential/proprietary information. Plaintiff denies any such intention to do so. The Court is not persuaded by Defendant's position and denies Defendant's request for a protective order. However, to the extent that the parties recognize there may be certain issues of mutual concern which may be appropriately

18

addressed by a narrowly-tailored stipulated protective order, the parties are directed to meet and confer by **June 24, 2022**, in a good faith attempt to reach agreement concerning a proposed stipulated protective order.

### 3.    Site Inspection

Defendant has not objected to Plaintiff's request for a site inspection of Defendant's physical property and facilities.  ECF No. 368 at PageID #: 5550. While Defendant maintains it will make its facilities available for inspection, it contends that "Hawaiian Telcom, not [Defendant], is likely in control of any assets the [P]laintiff wants access to [sic]."  ECF No. 367-1 at PageID #: 5539 (Paragraph 6, Declaration of Albert Hee).  Beyond this, the primary dispute has been the costs of an inspection and whether it should be borne by Plaintiff or Defendant.  ECF No. 362 at PageID #: 5441 & 5446.  Defendant claims the only person capable of meaningfully escorting Plaintiff on a site inspection is Defendant's former employee, Mr. Lum, whose fee is $5,000 per day plus other possible expenses.  Id. at 5441.  Plaintiff claims that several days of site inspections are needed in order to review all of Defendant's property and facilities which are located throughout the state.  Id.

The Court finds Plaintiff's request for a site inspection is within the scope of permissible post-judgment discovery.  While generally, the party responding to the request for a site inspection is responsible for bearing the cost of doing so, under

the circumstances of this case, the Court choses to exercise its discretion and directs the parties to share equally the cost of the site inspection.  With multiple facilities located throughout the state, the Court finds it appropriate for site inspection costs to be shared equally by Plaintiff and Defendant.  In light of Mr. Lum's requested daily fee, which the Court finds exorbitant, the Court directs the parties to discuss other alternatives including the possibility of identifying other individuals on each of the islands who are knowledgeable about Defendant's telecommunications assets, equipment, network and operations, to escort Plaintiff's representatives.  By sharing inspection costs, both Plaintiff and Defendant have an incentive to accomplish the inspections in an efficient and cost-effective manner.

Defendant is required to permit Plaintiff to inspect its property and facilities within Defendant's possession and control.  Defendant is directed to do everything possible, in good faith, to facilitate an inspection of its property and facilities. Defendant must provide all necessary keys, access codes, access instructions and an escort.  As stated above, both Plaintiff and Defendant are to equally bear all costs of the site inspection.  The Court sets a **deadline of August 1, 2022** to complete the site inspections or another date as agreed by the parties and approved by the Court.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**.

The Motion is **GRANTED** as to RPOD Nos. 24 and 25.  Defendant is to produce all responsive financial and technical network documents within Defendant's possession and control.  Should Defendant claim that documents have already been produced, Defendant shall specifically identify the documents produced and state when, where and how the production occurred to enable Plaintiffs to readily identify the produced documents.  If Defendant claims that it has no responsive documents in its possession or control, then Defendant must provide a sworn statement attesting to same and where said documents exist, if known.  Defendant shall produce documents responsive to RPOD Nos. 24 and 25 by no later than **July 15, 2022** or another date agreed to by the parties and approved by the Court.  The Court permits Plaintiff, as authorized and mandated by law, to share documents/information produced by Defendants with regulatory agencies, but  only to the extent necessary for approval or transfer of Defendant's assets and/or operational control.

The Motion is **GRANTED** as to Plaintiff's request for a finding that Defendant is not entitled to a protective order designating all documents produced during post-judgment discovery as confidential.  The Court directs the parties to

meet and confer by **June 24, 2022**, in a good faith attempt reach agreement as to a proposed supplemental or stand-alone stipulated protective order applicable to the court-ordered production.

The Motion is **GRANTED IN PART** and **DENIED IN PART** as to Plaintiff's request for a site inspection.  Plaintiff is authorized to conduct a site inspection of the properties and assets within Defendant's possession and control. Defendant is directed to facilitate an inspection of the property and facilities in good faith.  Defendant is to provide one or more representatives knowledgeable about Defendant's property and assets to escort Plaintiff's representatives in the site inspection.  The site inspection shall occur **no later than August 1, 2022**. Plaintiff's request that Defendant bear all costs associated with the site inspection is **DENIED**.  Plaintiff and Defendant shall bear equally any costs associated with the site inspection.

//

//

//

//

//

//

//

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 8, 2022.

_____
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 18-00145 JMS-RT;  *United States of America  vs. Sandwich Isles Communications, Inc., et al.*;  Order Granting in Part and Denying in Part United States' Motion for Order Compelling Additional Document Production by Sandwich Isles