**KOBAYASHI SUGITA & GODA, LLP**
LEX R. SMITH            3485-0
999 Bishop Street, 26th Floor
Honolulu, Hawaii 96813
Tel:  808-535-5700
Fax:  808-535-5799
lrs@ksglaw.com; myw@ksglaw.com

Attorney for Defendant
SANDWICH ISLES COMMUNICATIONS, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SANDWICH ISLES<br>COMMUNICATIONS, INC., et al<br><br>Defendants. | CIV. NO. 18-145 JMS RT<br>(Other Statutory Action)<br><br>STATEMENT OF SANDWICH<br>ISLES COMMUNICATIONS, INC.<br>REGARDING THE DISPOSITION<br>OF COUNT 2 OF THE COMPLAINT;<br>EXHIBITS A – E; CERTIFICATE OF<br>SERVICE |

1959259

## STATEMENT OF SANDWICH ISLES COMMUNICATIONS, INC. REGARDING THE DISPOSITION OF COUNT 2 OF THE COMPLAINT

The parties have met and conferred and cannot agree.  SIC believes the

government and SIC should either mutually agree on sale of the assets to a native

Hawaiian owned/controlled entity, or proceed with the execution sale.   Many years after obtaining, filing and serving a writ of execution, the government wants to proceed with its execution sale **and move for summary judgment on Count 2, holding a foreclosure sale as well**.  SIC's position is that Count 2 should be dismissed with prejudice for failure to prosecute.

The government made the decision to proceed with its rights under Count One of the Complaint without Count 2, obtaining a certified, final money judgment over three and a half years ago, on February 18, 2020 which was lawfully recorded on February 21, 2020 (Exhibit "A") and proceeding with a Writ of Execution in May of 2020 (Exhibit "B"), creating a judgment lien against the personal property identified in the Writ.[1]

The government having made its election over three years ago, Count Two should now be dismissed with prejudice.  The writ of execution should also be dismissed with prejudice for failure to prosecute.

The government's bad faith has been repeatedly displayed throughout the course of this proceeding.  Foreclosure, as pled in Count Two, is an equitable remedy.  Application of the Doctrine of Unclean hands should preclude foreclosure because of the bad faith of the government.  Specifically:

---

[1] The USA's Judgment lien is junior and subordinate to the judgment lien created by the earlier-filed Judgment against SIC in favor of Bankruptcy Trustee Katzenstein, which was recorded on January 2, 2020.  Exhibit C.

1. The government is required by law to make loans to fulfill the promise of universal service for all citizens and to ensure those loans are made in a way to maximize recovery of their loans. Sections 201 and 203 of the Rural Electrification Act of 1936. The Rural Telecommunications Improvements Act of 1990. Exhibit D (Deposition of Christopher McLean, pages 11-15; and pages 84-85)

2. The government, in bad faith, violated that policy by choosing not to accept a guarantee for their loans. Exhibit E confirms a guaranty was offered. ("To supplement his proposal, Mr. Hee provided copies of a letter from REA on this matter and also a letter from Bank of America committing to guaranteeing the REA loan.") This document was the USA's own trial exhibit in this case.

3. The government knowingly made the loan based on projections showing 90% of the repayment was dependent on the FCC following the law, then ducked their responsibility for the problem.

4. The government further violated that duty by refusing a work-out plan that would have resulted in full repayment of the loan.

5. The government's policy requires it to pursue its collateral the way a bank would. But in bad faith the government ignored that responsibility in this case, and was only too happy to give away its first priority lien against SIC's most valuable assets (which were built with RUS loans), to the Paniolo Trustee for less

than $500,000. The Paniolo Trustee sold those assets (which were worthless without SIC's assets) for $50 million.

6. The government held a first priority security interest in the lessee's (SIC's) interest in the lease of the undersea cable from Paniolo to SIC – i.e. the rest of Paniolo assets that (combined with SIC's assets) the Trustee sold to Hawaiian Telcom for $50 million. The USA got nothing for its security.

7. Instead, the government, in bad faith, sought to recover money by suing individuals for nothing, except being employed by SIC. Those individuals, except Mr. Hee, made the business decision to settle rather than spend attorneys' fees fighting the bad faith charges from the government.

8. The government violated its policy to act like a bank and maximize return to the taxpayers. It has collected more money from individuals than from the Paniolo Bankruptcy. Instead, in this case, the government's actions were designed to destroy telecommunications service to the Hawaiian Home Lands by attacking the senior management of SIC and SIC.

DATED: Honolulu, Hawaii, <u>September 14, 2023</u>.

<u>/s/ Lex R. Smith</u>
LEX R. SMITH
Attorney for Defendant
SANDWICH ISLES
COMMUNICATIONS, INC.

4