UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　　　Plaintiff,<br>　v.<br><br>**SANDWICH ISLES COMMUNI-CATIONS, INC.,** *et al.*,<br>　　　　Defendants. | Civ. No. 18-145 JMS RT |

**[PROPOSED] ORDER APPROVING THE UNITED STATES OF AMERICA'S UNOPPOSED MOTION FOR ORDER APPROVING <u>EXECUTION SALE PROCEDURES</u>**

Upon consideration of the unopposed motion (the "Motion") of Plaintiff the United States of America (the "United States" or "Plaintiff") for entry of an Order Approving Execution Sale Procedures, the Declaration of Counsel attached to the Motion, after finding that the Motion is unopposed, and after finding sufficient cause appearing therefore, the Court has decided that the Motion should be granted for the reasons set forth therein.  It is therefore ORDERED that:

　　　1.　　The United States Marshal for the District of Hawaii (the "Marshal") is authorized and directed to sell the personal property assets of Defendant Sandwich Isles Communications, Inc. ("Sandwich Isles") identified in the *Writ of Execution* [ECF No. 260] (the "Property") to the highest bidder pursuant to the *Writ of Execution* and the applicable provisions of Chapter 651 of the Hawaii Revised

1

Statutes, in "AS IS/WHERE-IS" condition, without any representations or warranties whatsoever to title or possession, and by way of quitclaim conveyance, by public sale at **12:00 p.m. on May 20, 2024** (the "Auction"), which shall be advertised in a *Notice of Execution Sale* that the Marshal shall file with this Court, in accordance with this Order. Pursuant to HRS §651-49, only Sandwich Isles's interest in the Property will be sold. The sale shall not be final until confirmed by this Court. Any objections to the sale shall be determined at the confirmation hearing.

2. No bond shall be required of the Marshal.

3. The Auction and sale shall be conducted consistent with all applicable laws including, to the extent applicable, the Rural Electrification Act, the Communications Act, and the Hawaiian Homes Commission Act (all of as amended).

4. The Auction shall proceed according to the following procedures:

a. **Potential Bidders.** Any party that executes the Confidentiality Agreement attached to the *Protective Order* governing post-judgment discovery [ECF No. 377] may participate in the Auction as a potential bidder (a "Potential Bidder").

b. **Due Diligence.** Plaintiff shall make a virtual data room available to any Potential Bidder that contains diligence materials concerning the Property obtained in post-judgment discovery and during Plaintiff's post-judgment inspection of the Property.

c. **Bid Deadline.** Potential Bidders shall submit bids, in writing, to Plaintiff and the Marshal no later than **5:00 p.m. May 13, 2024** (the "Bid

Deadline"). The bids shall be submitted by email to: The United States of America c/o Shane Huang, Esq. (shane.huang@usdoj.gov) and The United States Marshal of the District of Hawaii c/o Channing Iwamuro (channing.iwamuro@usdoj.gov).

    d.    **Qualified Bid Requirements.** For a bid to be deemed a qualified bid (a "Qualified Bid"), it shall:

    i.    *Property*. Identify with specificity whether the bid is for all or a portion of the Property and identify the specific portion(s) of property;

    ii.    *Identity of the Bidder*. Identify the identity of the bidder, including participants in any collaborative or joint bid, and provide contact information for the specific person(s) who Plaintiff and the Marshal should contact regarding the bid;

    iii.    *Purchase Price*. Set forth the purchase price for the Property, which must be in the form of cash, and the source of funding the bidder intends to use to pay such purchase price;

    iv.    *Irrevocability*. State that the bid is irrevocable unless and until Plaintiff accepts another bid and the bidder is not selected as a Backup Bid (defined below);

    v.    No Contingencies or Conditions. State that the bid is not subject to any contingencies or conditions of any kind;

    vi.    *Backup Bid*. State that the bidder agrees to serve as a Backup Bid (defined below) if the bid is the highest and best bid after the Successful Bid (defined below).

    vii.    *Good Faith Deposit*. Be accompanied by a good faith deposit, in the form of a certified check payable to the order of the United States Marshal for the District of Hawaii in the amount of 10% of the cash purchase price of the bid (the "Good Faith Deposit"). Payment by certified check shall be mailed to:

3

        U.S. Marshals Service
        Attn: AO
        300 Ala Moana Blvd. Room 2800
        Honolulu, HI 96850;

  viii. *Evidence of Consideration*. Be accompanied by written evidence that demonstrates that the bidder has available cash and/or a commitment for financing if selected as the Successful Bid (defined below); and

  ix. *Proposed Use of Property*. Document the proposed use of the Property, including how the proposed use of the Property shall benefit the residents of the Hawaiian Home Lands and the bidder's capability to provide continuity of service in accordance with Sandwich Isles Communications, Inc.'s License from the date the court confirms the purchase.

 **e.** **Auction.** If only one (1) Qualified Bid is received for the Property, or for any subset, lot, or package thereof, Plaintiff may, in its discretion, elect not to hold an Auction and may select such Qualified Bid as the Successful Bid (defined below) for that Property. If more than one Qualified Bid is received for the Property, Plaintiff shall conduct the Auction according to the following procedure:

  i. *Subsets, Lots, or Packages*. Plaintiff may exercise its reasonable judgment based upon the Qualified Bids received to determine whether the Auction shall proceed for the Property as a whole, or whether the Auction shall be divided into subsets, lots or packages.

  ii. *Time and Place of Auction*. The Marshal shall conduct the Auction at **12:00 p.m. on May 20, 2024,** on the steps in front of the United States Courthouse, 300 Ala Moana Boulevard, Honolulu, HI 96850.

  iii. *Auction Participants*. Parties that submit Qualified Bids prior to the Bid Deadline shall be entitled to participate in the Auction.

  iv. *Opening Bid*. The opening bid at the Auction shall be the

4

          highest and best Qualified Bid received prior to the Bid Deadline for the Property or any subset, lot, or package thereof (the "Opening Bid").

    v.    *Topping Bids*. Any topping bid at the auction must exceed the Opening Bid by $100,000.00 if the Opening Bid is for substantially all of the Property, or for such lower amount as determined by Plaintiff in its reasonable judgment at the time of the Auction if the Opening Bid is for any subset, lot, or package of the Property (a "Topping Bid").

    vi.    *Successful Bid*. After one or more rounds of bidding where each Qualified Bidder is given the opportunity to make a Topping Bid, Plaintiff shall select the highest and best bid as the Successful Bid for the Property, or for any subset, lot, or package thereof (the "Successful Bid"). In determining which bid is the highest and best bid for the Property or any subset, lot, or package thereof, Plaintiff may, in its discretion, take into consideration the bid's benefits to the residents of the Hawaiian Home Lands.

    vii.    *Backup Bid*. Plaintiff shall identify the highest and best bid for the Property or any subset, lot, or package thereof, other than the Successful Bid, as the Backup Bid (the "Backup Bid").

    f.    **Payment of Consideration.** The bidder who submits the Successful Bid for the Property, or any subset, lot, or package thereof (the "Successful Bidder"), shall pay the balance of the purchase price to the Marshal within seven (7) days of the conclusion of the Auction. The Marshal shall hold the proceeds of the sale of the Property subject to the directions of this Court.

    g.    **Selection of Backup Bid.** If the Successful Bidder fails to timely deliver the balance of the purchase price to the Marshal, Plaintiff shall be entitled to elect to proceed with the Backup Bid. At the Court's discretion, the Good Faith Deposit of a Successful Bidder that fails to timely pay the balance of the purchase price as set forth above may be forfeited. If Plaintiff elects to proceed with the Backup Bid, the bidder who submitted

the Backup Bid (the "Backup Bidder") shall pay the balance of the purchase price to the Marshal within seven (7) days of the Backup Bid election.

5. Following the Auction, a further hearing shall be held in this action to consider the confirmation of the sale (the "Confirmation Hearing"). At the Confirmation Hearing, the Court may also, for good cause shown, allow further bidding. In the event further bidding is allowed, the first post-Auction bid must exceed the purchase price of the Successful Bid (or Backup Bid in the event of a Backup Bid election) by the lesser of 25% or $250,000.00. At the conclusion of the Confirmation Hearing, the Court shall, after considering any objections that the sale did not comply with these auction procedures, approve the sale of the Property, or any subset, lot, or package thereof, as appliable, to the Successful Bidder (or Backup Bid in the event of a Backup Bid election) (afterwards, the "Purchaser").

6. The Marshal shall return any Good Faith Deposit submitted by an unsuccessful bidder within forty-eight (48) hours of the conclusion of the Confirmation Hearing.

7. All costs and expenses of the closing of the sale, including without limitation, the cost of conveyance, including preparation of the conveyance documents, payment of conveyance tax, escrow and recording fees, any proof of title or title insurance, and notary fees, as well as the costs of securing possession of the Property, shall be the responsibility of and paid by the Purchaser.

8. The securing of possession of the Property shall not be a condition to closing.

9. Any Property sold at the execution sale shall be conveyed as-is, where-is without any warranty whatsoever.

10. The Marshal shall return the writ, satisfied wholly or in part, following the execution sale on or before May 31, 2024, unless the return date is further extended by this Court.

11. On confirmation of the execution sale by this Court, the Marshal is authorized and directed to make, execute and deliver to the order of the purchaser, such conveyances of the Property requested by purchaser, as the case may be, as may be appropriate. Counsel for the Purchaser shall draft such conveyance documents, subject to approval by Plaintiff's counsel.

12. Upon confirmation of the execution sale of the Property held in accordance with all of the auction procedures herein by this Court, Sandwich Isles, and all persons claiming by, through or under it shall be perpetually barred of and from any and all right, title and interest, and claims at law or in equity, in the Property or any part thereof sold.

13. Following the execution sale, Sandwich Isles shall cooperate with the Marshal and the Purchaser to turnover possession of the Property to the Purchaser.

14. Sandwich Isles Communications, Inc. and all persons claiming by,

through or under it reserves their right to challenge via litigation and otherwise the right, title and interest at law or in equity, in any Property or any part thereof sold in any sale that does not fully comply with these auction procedures.

15. If the successful bidder agrees to honor all of the provisions of the Term Sheet attached hereto as Exhibit "1", Sandwich Isles Communications, Inc. will honor it.

16. The Court reserves jurisdiction for the purposes of interpretation, implementation and enforcement of this Order.

**END OF ORDER**

Prepared by:

/s/Shane Huang
KIRK T. MANHARDT
SHANE HUANG
(Illinois Bar 6317316)
MINIARD CULPEPPER JR.
(MA Bar No. 693851)
J. ZACHARY BALASKO
(W. Va. State Bar No. 12954)
Civil Division
United States Department of Justice
P.O. Box 875, Ben Franklin Station
Washington, DC 20044-0875
Telephone: (202) 616-0341
Email: shane.huang @usdoj.gov

Attorneys for the United States