BEFORE THE PUBLIC UTILITIES COMMISSION

OF THE STATE OF HAWAII

----------In the Matter of----------)
                                    )
SANDWICH ISLES COMMUNICATIONS, INC.  )   DOCKET NO. 2024-0164
                                    )
Notice of Failure to Comply with    )
Hawaii Administrative Rules;        )
Order to Show Cause Why Respondent  )
Should Not Be Held in Violation of  )
Commission's Rules.                 )
_____)


ORDER NO. **40819**

NOTICE OF VIOLATION AND ORDER TO SHOW CAUSE


**EXHIBIT D**

BEFORE THE PUBLIC UTILITIES COMMISSION

OF THE STATE OF HAWAII

| | |
|---|---|
| ----------In the Matter of----------)<br>)<br>SANDWICH ISLES COMMUNICATIONS, INC. )<br>)<br>Notice of Failure to Comply with )<br>Hawaii Administrative Rules; )<br>Order to Show Cause Why Respondent )<br>Should Not Be Held in Violation of )<br>Commission's Rules. )<br>)<br>_____) | DOCKET NO. 2024-0164<br><br>ORDER NO. **40819** |

NOTICE OF VIOLATION AND ORDER TO SHOW CAUSE

By this Order, the Commission, issues a notice of violation and order to show cause why SANDWICH ISLES COMMUNICATIONS, INC. ("Respondent") should not be held in violation for failing to comply with applicable rules relating to its provision of regulated services.

Respondent is a rural local exchange carrier, authorized by the Public Utilities Commission ("Commission") to provide intrastate telecommunications services in the State of Hawaii ("State") on lands administered by the Department of Hawaiian Home Lands ("DHHL").[1] In 1998, the Commission designated Respondent as

---

[1] See Docket No. 96-0026, Decision and Order No. 16078, filed on November 14, 1997, wherein the Commission granted SIC a certificate of authority ("COA") to provide intraLATA and intrastate telecommunications services.

an Eligible Telecommunications Carrier ("ETC") for the service areas consisting of lands administered by the DHHL.[2]

On May 31, 2024, the Commission was notified that Respondent had announced to its customers on May 30, 2024 that it would be abruptly terminating internet and voice services on June 1, 2024. Respondent did not indicate that it had secured a replacement provider or otherwise taken steps to ensure continued service to its customers.

HAR § 6-80-123, "Abandonment or discontinuance of fully or partially competitive service" states:

> (a) A telecommunications carrier intending or seeking to abandon or discontinue offering or providing a fully or partially competitive service shall, not later than thirty days before the proposed date of abandonment or discontinuance, provide a written notice of its intent to the commission, the consumer advocate, and its affected customers. The commission may suspend and investigate the proposed abandonment or discontinuance and hold an expedited hearing on the matter.
>
> (b) The commission may:
> (1) Allow the proposed abandonment or discontinuance of service to take effect on such reasonable terms and conditions that it deems are in the public interest;

---

[2] See Docket No. 98-0317, Decision and Order No. 16737, filed on December 9, 1998.

The Parties are SIC and the DIVISION OF CONSUMER ADVOCACY ("Consumer Advocate"), an ex officio party to this docket, pursuant to Hawaii Revised Statutes ("HRS") § 269-51 and Hawaii Administrative Rules ("HAR") § 16-601-62.

2024-0164                          2

>    (2) Delay the effective date of the proposed abandonment or discontinuance of service; or
>    (3) **Deny** the proposed abandonment or discontinuance of service unless the carrier demonstrates that a reliable competitive alternative exists at reasonable rates.

HAR § 6-80-129, "Prohibited acts," also provides, in relevant part:

>    No telecommunications carrier shall:
>
>    . . .
>
>    (16) Violate any applicable State law or commission order or rule; or
>    (17) Engage in any action, conduct, or behavior contrary or detrimental to the public interest.

Based on SIC's May 30, 2024 announcement that it intends to abruptly terminate service it appears that Respondent has failed to provide timely notice as required by Commission rules and regulations and may be engaging in conduct that is detrimental to the public interest.

As a result, the Commission initiates this show cause proceeding against Respondent. The Commission will hold the show cause hearing on June 17, 2024, at 10:00 a.m. at its main office at 465 South King Street, Room 103, Honolulu, HI 96813.

In view of the foregoing, pending resolution of this investigation, Respondent shall:

>    a.  Not terminate service to its DHHL customers ("Customers");

2024-0164                               3

b. Continue to provide service to its Customers so that there is no disruption in service (i.e., there shall be no gap in service or reduction in the quality of service, etc.);

c. Not destroy, tamper with, alter, or vandalize Respondent's equipment ("Equipment") necessary to provide service to DHHL Lands;

d. Affirmatively maintain and preserve such Equipment so that it is in good working order;

e. Not destroy, tamper with, alter, or vandalize records pertaining to customers, including but not limited to any correspondence, emails, text messages, reports, invoices, and any other information related to service ("Customer Records").

f. Affirmatively maintain and preserve Customer Records.

III.

ORDERS

THE COMMISSION ORDERS:

1. Respondent is named as a party to this proceeding. Respondent shall participate in the subject proceeding as required by the Commission, including appearing and testifying at the show cause hearing.

2.  Respondent shall appear before the Commission at its office on 465 South King Street, Room 103, Honolulu, HI, 96813, on June 17, 2024, at 10:00 a.m. to show cause why Respondent should not be found in violation of the above legal authorities.

3.  Respondent may be represented by counsel. If Respondent does not retain counsel, Respondent may be represented at the hearing as follows: (a) an individual may appear on the individual's behalf; (b) a partner may represent a partnership; or (c) an officer or authorized employee of a corporation, trust, or association may represent the corporation, trust, or association.  All parties shall have the opportunity to present evidence and argument on the issue involved.



      4.    If Respondent fails to appear at the scheduled hearing, the Commission may assume that the facts alleged in this Order are true, and if the facts establish liability, the Commission (1) will issue a final decision and order; and (2) may impose appropriate penalties.

      DONE at Honolulu, Hawaii  MAY 31, 2024.

                    PUBLIC UTILITIES COMMISSION
                    OF THE STATE OF HAWAII

By _____
Leodoloff R. Asuncion, Jr., Chair

By _____
Naomi U. Kuwaye, Commissioner

By _____
Colin A. Yost, Commissioner

APPROVED AS TO FORM:

_____
Caroline C. Ishida
Commission Counsel

2024-0164.ljk

2024-0164                     6

CERTIFICATE OF SERVICE

The foregoing Order was served on the date of filing by certified mail, postage prepared, and properly addressed to the following parties:

MICHAEL S. ANGELO
EXECUTIVE DIRECTOR
DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS
DIVISION OF CONSUMER ADVOCACY
P.O. Box 541
Honolulu, HI  96809

SANDWICH ISLES COMMUNICATIONS, INC.
P.O. Box 893128
C/O Al Pederson
Mililani, HI 96789

**CM 7019 1120 0001 8602 6495**

**FILED**

2024 May 31 P 16:24

PUBLIC UTILITIES

COMMISSION

F-308277

2024-0164

The foregoing document was electronically filed with the State of Hawaii Public Utilities Commission's Case and Document Management System (CDMS).