June 1, 2024

Honorable Leo Asuncion, Chairman

Public Utilities Commission


Dear Chairman Asuncion,


I am Albert Hee, I am the founder of Sandwich Isles Communications Inc. (SIC) and am authorized to represent it in this matter.  I have appeared before the PUC in other matters.


The PUC, under Chairman Naito stated very clearly that the PUC does not have the authority to choose the carrier that provides service to HHL.  This is similar to the PUC's authority over Federal properties.  While we are appreciative of the PUC's sudden interest in this situation, the authority for who serves HHL rests with the Department of Hawaiian Home Lands (DHHL).  DHHL issued License 372 to Waimana Enterprises which granted HHL to Waimana on the condition that those HHL be used to build a network that would provide service to only HHL.  Waimana partially assigned the voice portion of License 372 to Sandwich Isles Communications Inc. (SIC).  That partial assignment included the obligation to build a voice network and was approved by the Hawaiian Homes Commission (Commission).


The authority to determine who provides service to HHL rests with the Commission.  The Commission has violated SIC's license by: allowing Hawaiian Telcom to use the HHL granted to SIC to serve everyone except HHL thru the issuance of a temporary Right-Of-Entry and encouraging other carriers to provide service to SIC customers.  As you are aware, this violates 47 USC §251(f)(1) (rural exemption), and is the subject of the complaint Hawaiian Telcom filed with the PUC against SIC for not interconnecting.  The rural exemption allows rural carriers

**EXHIBIT E**

like SIC to not interconnect with other carriers thereby preventing other carriers from cherry picking customers and the revenues rural carriers depend on. We have been in contact with DHHL for many years informing them of their violations of SIC's license. These violations have resulted in the loss of revenues needed to operate and maintain service.

The recently held auction on May 20, 2024, required the winning bidder to provide continuity of service for SIC's customers. Because the terms of the auction provided for the continuity of service, SIC terminated its employees and trunk leases. Subsequently, the US Department of Justice (DOJ) accepted a Hawaiian Telcom's bid. Hawaiian Telcom's bid relies on SIC to continue to provide service and offers DOJ a monetary incentive to get SIC to agree. DOJ acknowledged SIC was not able to cover its costs for years and was informed that SIC had terminated its employees. After DOJ accepted Hawaiian Telcom's bid, SIC's costs would increase while its revenues would decrease under DHHL's instructions to customers to switch carriers. The entire matter is being overseen by retired US Magistrate Judge Kevin Chang. Would the PUC be interested in participating?

I have written to Chairman Kali Watson and the Commission offering SIC's assistance on a transition plan. We have never received a response. Even today rather than contact us, DHHL chooses to issue press releases.

SIC's regulatory obligation to provide service depends on a rate base which at least covers SIC's costs and an opportunity to make a profit. This is the same for all regulated utilities. The FCC determined a rate base sufficient to pay for the infrastructure including universal service funds (USF) in a 2005 order. The PUC's role in receiving USF consists of issuing eligible telecommunications carrier (ETC) certifications was no longer necessary after the FCC issued its 2005 Order limiting SIC's territory to only unserved areas. Under the FCC rules, carriers serving unserved areas are automatically an ETC. No further administrative action is required. Since Hawaii does not have a State USF program, the rates for service

are determined by the FCC and SIC's ETC is automatic, the PUC's role in this is limited.

Service to rural HHL has always been a safety issue.  Thirty years ago, DHHL requested I solve this safety issue after Hawaiian Telephone refused to invest the money in building the infrastructure and the PUC did not enforce the carrier of last resort obligation because Hawaiian Telephone would have lost money serving those areas just as SIC is doing today.  SIC made the $400M investment and solved the safety issue.  The infrastructure is in, the safety issue has not changed and Hawaiian Telcom bid for the infrastructure on the condition that they will <u>not</u> serve all areas of HHL.  So, thirty years later, the safety of the homesteaders is once again a DHHL problem.  SIC does not understand how the PUC can order it to provide service at a loss when it did not do so with Hawaiian Telephone, a much larger company.

Thank you for your efforts.  Although clearly well intended, they may be misplaced unless the PUC is able to fairly compensate SIC for continuing service.  Given the situation today, SIC does not have the funds to cover the costs of providing service.  Without assurances that those losses will be recovered, SIC cannot continue to provide service.  We look forward to hearing how the PUC intends to address this or SIC will once again be forced to end providing service. SIC cannot continue to incur losses.  This is simply a statement of fact and is not intended to imply anything else.

Albert Hee