

June 3, 2024

<u>Via email</u>
Lex R. Smith
Kobayashi Sugita & Goda
999 Bishop Street, Suite 2600
Honolulu, HI 96813
lrs@ksglaw.com

Counsel for Sandwich Isles
Communications, Inc.

Re:    Sandwich Isles Communications unauthorized discontinuance of service and failure to timely port customer numbers

Dear Mr. Smith:

The Federal Communications Commission (Commission) is aware your client, Sandwich Isles Communications, Inc. (Sandwich Isles), has given abrupt notice to its customers on the Hawaiian Home Lands that it will no longer be providing service to them beginning June 1, 2024.[1] This letter serves to advise Sandwich Isles that such action constitutes a violation of its federal regulatory obligations regarding discontinuance of telecommunications and/or interconnected Voice over Internet Protocol (VoIP) services to customers pursuant to section 214 of the Communications Act of 1934, as amended (the Act) and the Commission's implementing rules.

Section 214(a) of the Act provides that:

> No carrier shall discontinue, reduce, or impair service to a community, or part of a community, unless and until there shall first have been obtained from the Commission a certificate that neither the present nor future public convenience and necessity will be adversely affected thereby; except that the Commission may, upon appropriate request being made, authorize temporary or emergency discontinuance, reduction, or impairment of service, or partial discontinuance, reduction, or impairment of service, without regard to the provisions of this section.

47 U.S.C. § 214(a).

---

[1] The Commission is also aware of the Hawaii Governor's "Proclamation Relating to Telecommunications Services on Hawaiian Home Lands," https://governor.hawaii.gov/wp-content/uploads/2024/05/2405151.pdf, and the Hawaii Public Utility Commission's Notice of Violation and Order to Show Cause. *Sandwich Isles Communications, Inc.; Failure to Comply with Hawaii Administrative Rules; Order to Show Cause Why Respondent Should Not Be Held in Violation of Commission's Rules*, Docket No. 2024-0164, Notice of Violation and Order to Show Cause, Order No. 40819 (dated May 31, 2024).

**EXHIBIT H**

Furthermore, federal regulations provide that discontinuance of service to telecommunications and interconnected VoIP service customers must be carried out in accordance with the orderly procedures set forth in section 63.71 of the Commission's rules. 47 CFR § 63.71. These procedures are essential to limit the consumer harms that may occur from unauthorized and untimely discontinuance of service. Even where a provider is no longer able to continue providing service, customers must be given proper notice and an appropriate amount of time to make arrangements for alternative service.

The Commission also understands that Sandwich Isles is currently informing its customers that it will take between ten and sixty days for it to process a request for local number portability. Federal law requires Sandwich Isles to "provide, to the extent technically feasible, number portability in accordance with requirements prescribed by the Commission." 47 U.S.C. § 251(b)(2). The Commission's rules implementing this statutory obligation require simple wireline-to-wireline and simple intermodal ports to be completed within one business day unless a longer period is requested by the new provider or by the customer. 47 CFR § 52.35(a). To the extent that any of these requests could be considered to be non-simple porting requests, Commission rules require such ports to be completed within four business days unless a longer period is requested by the new provider or by the customer. 47 CFR § 52.35(d). Therefore, unless the new provider or the customer has requested an extended period of time to port the number, Sandwich Isles would appear to be in violation of the Commission's rules.

Sandwich Isles must cease and desist from any unlawful discontinuance activity immediately and come into compliance with federal law and regulations, including those pertaining to number porting, that provide critical consumer safeguards. Sandwich Isles—and those in control of its actions—are subject to the Commission's enforcement authority, and the Wireline Competition Bureau will refer all potential violations of the Commission's rules to the Enforcement Bureau.[2] *See, e.g.*, 47 U.S.C. § 503 (providing forfeiture penalties for violations of the Communications Act and the Commission's rules). Willful disregard of the law may be a consideration for any licensing or authorization activities going forward.

---

[2] Enforcement actions include emergency actions in court. *See* 47 U.S.C. § 214(c) ("Any . . . operation, discontinuance, reduction, or impairment of service contrary to the provisions of this section may be enjoined by any court of competent jurisdiction at the suit of the United States, the Commission, the State commission, any State affected, or any party in interest.").

Please contact me if you have any questions about this matter.

                            Sincerely,

                            Trent Harkrader
                            Chief
                            Wireline Competition Bureau
                            Federal Communications Commission

cc:     (Via email to idvolner@venable.com,
        D.C. Agent for Service of Process; and
        info@sandwichisles.com)

        Breanne Kahalewai
        President
        Sandwich Isles Communications, Inc.
        77-808 Kamehameha Hwy
        P.O. Box 893370
        Mililani, HI 96789-3941

        (Via email to idvolner@venable.com,
        D.C. Agent for Service of Process; and
        info@sandwichisles.com)

        Sandwich Isles Communications, Inc.
        c/o Al Pedersen
        V.P. Regulatory Affairs
        P.O. Box 893128
        Mililani, HI 96789