IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SANDWICH ISLES<br>COMMUNICATIONS, INC.; et al.<br><br>　　　　　Defendants. | CIV. NO. 18-00145 JMS-RT<br><br>ORDER GRANTING UNITED STATES' MOTION TO DISMISS COUNTS II AND VII AGAINST SANDWICH ISLES COMMUNICATIONS, INC. WITHOUT PREJUDICE, ECF NO. 581 |

**ORDER GRANTING UNITED STATES' MOTION TO DISMISS COUNTS II AND VII AGAINST SANDWICH ISLES COMMUNICTIONS, INC. WITHOUT PREJUDICE, ECF NO. 581**

## I. INTRODUCTION

This case has a long and winding history, making its way through this court (including motions practice and a bench trial), the Ninth Circuit, and bankruptcy court. Now, after years of litigation, the case nears its end in this court. But there is one last point of contention between the parties: The United States seeks to dismiss two remaining counts—a foreclosure claim under Count II and a claim for interest, fees, and penalties under Count VII—against Sandwich Isles Communications, Inc. without prejudice. Sandwich Isles objects, and seeks dismissal with prejudice. For the reasons set forth below, the court agrees with the United States and thus GRANTS the United States' Motion to Dismiss, ECF

No. 581.  The court ORDERS that Counts II and VII be dismissed against Sandwich Isles without prejudice.

## II. BACKGROUND

This order does not attempt to recite this case's long journey through the courts.  Instead, it provides sufficient detail to place the current dispute in context.

The Complaint was filed on April 20, 2018.  ECF No. 1.  Count I alleged a breach of contract, claiming that Sandwich Isles defaulted on loans in excess of $129 million made to Sandwich Isles by the Rural Telephone Bank, predecessor to the Rural Utilities Service, an agency of the United States Department of Agriculture.  *Id*. at PageID.24−25.  Count II sought foreclosure and the sale of property pledged as collateral by Sandwich Isles to secure the loans.  *Id*. at PageID.26−29.

On September 5, 2018, the United States moved for partial summary judgment as to Counts I and II.  ECF No. 48.  But, before that motion was heard, Defendant Paniolo Cable Company, LLC ("Paniolo") was forced into bankruptcy by creditors.  That bankruptcy action stayed any claims against "any property of Paniolo or the Paniolo bankruptcy estate."  *See* ECF No. 136 at PageID.1911.  Given this event and others, with the agreement of the United States, the court determined that ruling on Count II was premature and thus denied the motion as to

Count II without prejudice.  *See* ECF No. 161 at PageID.2370–2372.

But the court granted summary judgment as to Count I, and a Federal Rule of Civil Procedure 54(b) judgment was entered against Sandwich Isles in the amount of $138,557,635.82.  ECF No. 226.  That judgment was affirmed by the Ninth Circuit on January 20, 2021.  ECF No. 296.

The United States never moved for foreclosure under Count II.  Instead, it focused its efforts on execution of the judgment as to Count I.  For example, the United States requested and received a Writ of Execution on the judgment on May 1, 2020, from the Clerk of Court, and this court subsequently overruled Sandwich Isles' objections to that Writ of Execution.  *See* ECF Nos. 260, 275.  And most recently, the United States obtained an order from the court confirming an execution sale of certain assets.[1]  *See* ECF Nos. 566 (July 2, 2024 Order Approving Confirmation of Execution Sale); 567 (July 10, 2024 "Order Explaining Reasons for Overruling Objections to Confirmation Execution Sale");

---

[1] In October 2022, Counts III through VI, against Defendant Albert Hee individually, proceeded to bench trial.  The court issued its Findings of Fact and Conclusions of Law on August 31, 2023.  ECF No. 513.  Prior to the bench trial, the parties stipulated—and the court ordered—that Count II be bifurcated from the trial.  ECF No. 451 at PageID.7397.  And although the United States asked that Count II be held in abeyance pending resolution of any execution sale (because an execution sale "will moot Count II"), it never made any definitive statement that an execution sale did in fact moot Count II.  *See* ECF No. 441.  To be clear, the United States never indicated that it would dismiss Count II with prejudice, nor did it engage in any conduct implicating the doctrine of judicial estoppel.  *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (stating that for judicial estoppel to apply, a party must assume a particular position in a proceeding, succeed in maintaining that position, and thereafter assume a contrary position).

and 575 (July 29, 2024 "Order Denying Defendant Waimana Enterprises, Inc.'s Motion for Reconsideration").[2]

After the court confirmed the execution sale, the parties agreed to take steps to close the case. The United States and Sandwich Isles agreed that Count II would be dismissed, and then a final judgment would enter. *See, e.g.*, ECF No. 572 at PageID.9995–9996 (July 2, 2024 transcript from hearing on confirmation of execution sale). But as stated above, a sole issue remains—whether to dismiss Count II (and Count VII) with or without prejudice.[3]

### III. ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) provides in part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." As recently reiterated by the Ninth Circuit:

> Generally, Rule 41(a)(2) grants a district court discretion to dismiss a case with or without prejudice. But we have cabined that discretion by repeatedly holding that where the request is to dismiss without prejudice, a District Court should grant a motion for voluntary dismissal

---

[2] Sandwich Isles has filed a Notice of Appeal of this court's order confirming the execution sale. ECF No. 584.

[3] Although the parties and the court have not previously discussed the status of Count VII, the parties appear to treat Counts II and VII alike—that is, the court either dismisses both with prejudice or both without prejudice. *See* ECF Nos. 581, 583.

4

> under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result. Legal prejudice is a term of art: it means prejudice to some legal interest, some legal claim, some legal argument. But uncertainty because a dispute remains unresolved is not legal prejudice, and the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice. Additionally, the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice, and plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal.

*Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279–80 (9th Cir. 2023) (internal citations, footnotes, parentheticals, and quotation marks omitted).

In its response to the United States' Motion, Sandwich Isles argues that the United States decided to obtain a money judgment under Count I and in doing so elected not to proceed with foreclosure under Count II. That is, per Sandwich Isles,

> [t]he government's actions in this case are not consistent with foreclosure. The government, years ago, elected to take its money judgment, not for the amount of the deficiency, but for the entire balance of the promissory notes. This was their right, but it was inconsistent with the procedures that are normally employed in foreclosure . . . .

ECF No. 583 at PageID.10182. Based on this assertion, Sandwich Isles claims that the United States cannot now "reverse course" and dismiss Count II without prejudice, allowing it to be re-filed later. *Id*. at PageID.10183.

5

But Sandwich Isles wholly ignores the standard the court applies to determine whether to dismiss with or without prejudice. Sandwich Isles has neither shown—nor attempted to show—how it "will suffer some plain legal prejudice" if dismissal is without prejudice. *Kamal*, 88 F.4th at 1279. It has not shown how dismissal without prejudice would impact a legal interest, legal claim, or legal argument. In fact, it appears to rely on a fear of the threat of potential future litigation—an uncertainly "insufficient to establish legal prejudice." *Id*. at 1280. Simply claiming, as Sandwich Isles does, that dismissal without prejudice is generally unfair is insufficient.

Further, although execution (Count I) and foreclosure (Count II) provide separate paths to recovery, Sandwich Isles cites no law precluding recovery under both. That is, by electing to proceed under Count I, there is no legal preclusion to proceed later under Count II. As the United States points out, "[f]oreclosure and execution provide different ways to recover debts, with different procedures and applicable law." ECF No. 589 at PageID.10216. Here, where the United States has only collected a small percentage of its money judgment, there is no legal prohibition from seeking foreclosure at a later time.

\\\

\\\

\\\

6

## IV. **CONCLUSION**

For the foregoing reasons, the court GRANTS the United States' Motion to Dismiss as to Counts II and VII against Sandwich Isles. ECF No. 581. Counts II and VII of the Complaint against Sandwich Isles are DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 5, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States of America v. Sandwich Isles Communications, Inc., et al.*, Civ. No. 18-00145 JMS-RT, Order Granting United States' Motion to Dismiss Counts II and VII Against Sandwich Isles Communications, Inc. Without Prejudice, ECF No. 581